**HOOVER, Plaintiff, v. ISRAEL, Defendant.**

Municipal Court of the City of Dayton (Civil Division).

No. 80841. Decided 1946.

William A. Swaney, Dayton, for Plaintiff.
Louis R. Mahrt, Dayton, for Defendant.

## OPINION

By McBRIDE, J.

This matter came before this Court, Judge Charles J. Baumann presiding, on March 19, 1946, on the Amended Statement of Claim, consisting of two causes of action, separately stated and numbered. The original petition was filed February 13, 1946. The first cause of action in the amended petition is for eviction for unlawful detention from the 1st day of February 1946; the second cause of action is based upon a claim for money judgment for the rental contract beginning the 1st day of February 1946.

On March 19, 1946, immediately after the plaintiff's first witness took the stand, the defendant, by her attorney, moved to require the plaintiff to "elect under which cause of action she will proceed in this case". The plaintiff indicated that "I will only need to amend my second cause of action to read for use and occupancy", but no such motion was then made. Defendant then stated to the Court: "We confess judgment in open Court for the second cause of action and tender the amount to the Court and demurr to the first cause of action, for the reason that our rent is paid to and including the period for which eviction was ordered and notice given to vacate". A tender was made of a sealed envelope containing $60.00.

During a recess, questions of law were discussed, at the conclusion of which additional statements were entered into the record. At the conclusion of the proceedings on March 19, 1946, plaintiff requested permission to amend the second cause of action by withdrawing the suit on the rental contract and substituting a cause based upon a claim for the use and occupancy of the premises by the defendant. In addition, plaintiff moved to withdraw his second cause of action and offered to proceed to trial on the first cause of action.

On April 15, 1946, this matter was again regularly set for trial before Judge Robert L. McBride, as successor to Judge Charles J. Baumann, deceased, and, by agreement of counsel for the plaintiff and defendant, was submitted to the Court. Attorney for the plaintiff withdrew his motion to amend as well as his motion to proceed upon the first cause of action only. Attorney for the defendant thereupon called the Court's

attention to the confession of judgment on the second cause of action and demurred to the first cause of action. This, then, is the status of the proceedings presented to this Court.

The Court is familiar with the decision of Owens v Hickman, 2 Disn 471, in which the Court held "a petition to enforce the forfeiture of a lease, for non-payment of rent, and seeking to recover the rent due, is bad for misjoinder. The remedies are inconsistent and plaintiff must elect."

Sec. 11306 GC, now permits the joinder of "claims to recover possession of real property in forcible entry and detainer, and claims for rent with or without damages for breach of any condition of the tenancy". It is for this reason defendant's demurrer is over-ruled. However, this case proceeded to trial, at which defendant confessed judgment for the rent and tendered the money to the Court. Recovery of the money judgment for the rent is not alone sufficient to bar the landlord's right to restitution, but payment is. Campbell v McElvey, 2 Disn, Page 574.

Defendant initially sought to require plaintiff to elect between her remedies and we think this was improper under §11306 GC, as amended in 1929. The situation is analogous to that in foreclosure suit in which the mortgagee files a petition joining a cause on the note with a second cause on the mortgage. In such a proceeding for cancellation of the equity of redemption a request for election of remedies would not be considered since the right to join is so well established, however, where the defendant, as in this case, timely confesses judgment to the second cause of action and tenders the amount due, the other cause fails and may be dismissed because the defendant has fully performed the contract as prayed for. The crux of the situation is not the confession of judgment alone but the confession and tender of the amount claimed prior to the expiration of the term.

There has recently arisen some question whether time of payment is of the essence in rental contracts and certainly it may become so by agreement but in such cases this must be alleged and damages requested for use and occupancy; however, where plaintiff affirms the contract and sues for the rental for an unexpired term, he cannot be permitted to recover a judgment and obtain the money tendered and still have restitution during the unexpired rental period for which he has been fully paid, any more than a mortgagee may have the property where the note secured thereby has been fully paid. It is the opinion of this Court that where plaintiff in an action in forcible entry and detainer joins a second cause of action on the rent contract for a period which has not expired

and the defendant confesses judgment and tenders the amount claimed for the unexpired term, the plaintiff is not entitled to restitution of the premises before the term has expired.

A different situation exists where the second cause of action is based upon the breach of the rental contract and definite damages are requested as determined by a per diem rate equivalent to the agreed rental. A serious question exists even in such cases. The prayer and notice in actions for money judgment must be for a sum certain. There is a question whether a cause based on use and occupancy of real estate for an uncertain period complies with this provision of the code. It is sufficient in this case to note that the action was not based upon damages for use and occupancy but sought recovery on the contract for the monthly term in the amount of $60.00 which included the rent for the period commencing February 1, 1946. Consequently, the question of the right to request damages and the method of pleading the same for recovery for use and occupancy on a per diem basis is not presently before the Court.

The motion of the plaintiff to amend and in the alternative to proceed on the first cause of action only was not seasonably made and has since been withdrawn voluntarily by the plaintiff.

The defendant having seasonably confessed judgment on the second cause of action, we have no alternative except to grant judgment to the plaintiff and against the defendant in the amount of the claim to-wit: $60.00.

We now consider the demurrer of the defendant to the first cause of action. A demurrer is a test of the pleadings rather than of the subsequent proceedings in the case. It is true that improper joinder is ground for demurrer under Section 11306, however, judgment having been herein granted on the second cause of action the other inconsistent cause must fail.

The Court cannot overlook this condition and recognizes the existence of the relationship of landlord and tenant, as confessed, for the month commencing February 1, 1946. The first cause of action is therefore subject to dismissal or final judgment in favor of the defendant and against the plaintiff.

The money tendered to the Court in the sealed envelope has been delivered, on the Court's own motion, to the Clerk and shall be delivered to the plaintiff in satisfaction of the judgment for $60.00 heretofore granted in plaintiff's favor.

An entry may be drawn accordingly.