**PARRISH, et, Plaintiffs-Appellants, v. STRANAHAN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4211. Decided February 4, 1949.

Russ Bothwell, Columbus, for plaintiffs-appellants.
Carl H. Valentine, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the Municipal Court of Columbus, Ohio. The petition sets forth two causes of action: The first is one in forcible entry and detainer, alleging that the defendant has "ever since the 1st day of June, A. D. 1948, unlawfully and forcibly detained * * *", etc. The second cause of action is for rent of the premises from June 1st, 1948, to June 9, 1948, on a rental basis of $45.00 per month. The prayer is for restitution and a judgment for $10.50 and costs.

The record discloses that at the close of the plaintiffs'' case the defendant offered to and did confess judgment for the plaintiffs on the second cause of action and tendered into court the sum of $135.00 in satisfaction of the rent to date. The defendant then entered a motion to dismiss the first cause

of action which was sustained, the Court citing **Hoover v. Israel, 45 Abs 490.** The appellants seem to agree with the legal principles announced therein, but are attempting to distinguish the case at bar upon the facts. The only difference in the facts seems to be that in the Hoover case the plaintiff was called to the witness stand and immediately the defendant confessed judgment upon the second cause of action, which was also for rent, while in the case at bar judgment was confessed after the plaintiffs had testified and rested their case. It is the contention of the appellants that the offer to confess judgment was not seasonably made and therefore the ruling of the Court was erroneous. For a determination of this question it becomes necessary to examine the statutory law which is found in §11594 GC, which provides:

"A person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly."

It will be noted that this section places no limit as to the time that an offer to confess judgment shall be made, so it must be presumed to mean that it may be made at any stage of the proceedings.

We are therefore of the opinion that the offer to confess judgment was seasonably made.

A further examination of the statute, however, discloses that "the assent of the creditor, or person having such cause of action" is required. The record discloses that the plaintiffs at no time consented to the entering of the confession of judgment. They objected at the time and moved for a dismissal of the second cause of action, which motion was overruled. It is our conclusion that all the requirements of the statute were not met and that the judgment is invalid.

We find further that since there was no judgment the plaintiffs' motion to dismiss the second cause of action should have been sustained. An action may be dismissed by the plaintiff at any time before its final submission to the Court. **Sec. 11586 GC.** Even though the errors above enumerated appear in the record we think they were not prejudicial to the plaintiffs, and the Court did not err in sustaining the motion to dismiss the first cause of action at the close of the plaintiffs' case. The only ground for the eviction appearing in the record is that of nonpayment of rent when due.

The evidence discloses that the plaintiffs purchased the property in which the defendant resided, in January, 1948; that sometime later he wrote a letter to the defendant advising her that the rent was payable in advance in the first of each month. She had been a tenant for approximately seven years before the plaintiffs acquired the property. No evidence was offered tending to show the terms of her contract on this point with her prior landlord. Under the federal rent control regulations the new landlord could not change the terms of the original contract without the consent of the administrator. Therefore, in the absence of such a showing the letter stating the due date was of no effect. She was entitled to remain in the premises under the terms of the contract with the old landlord and no evidence was offered showing that under its terms the rent was payable in advance.

We find no error in the record prejudicial to the rights of these appellants. The cause is ordered remanded with instructions that the confessed judgment be vacated; that the second cause of action be dismissed and that the judgment of dismissal of the first cause of action be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.