CORNERSTONE COMPANIES &
FAIRLAWN VENTURES, LTD. *v.*
ZIPKIN ET AL.

(No. 89 CVG 2203—Decided
June 22, 1989.)
Akron Municipal Court.

*Mark W. Bernlohr,* for plaintiff.
*John A. Hallbauer* and *Katherine
S. Blackham,* for defendants.

HARTNETT, J. This case is before
the court on defendants' motion for
summary judgment filed March 28,
1989. On the same date defendants
also filed a brief in support of the mo-
tion, and an affidavit of defendant
Laurence S. Zipkin ("L. Zipkin") in
support of the motion. Plaintiff filed a
brief in opposition to the motion and an
affidavit of John Wickert in opposition
to the motion on April 11, 1989. Defen-
dants filed a supplemental brief in sup-
port of the motion on May 18, 1989,
and at the same time filed an affidavit
of attorney Katherine S. Blackham in
support of the motion. A hearing on
the motion was held on May 19, 1989.

This case concerns a retail store
area located in the Fairlawn Plaza
Shopping Center, Fairlawn, Ohio. On
or about November 21, 1962, a written
lease of the premises was entered into
by and between plaintiff or its
predecessor in interest as lessor and
defendants and/or their predecessor in
interest as lessee. The initial term of
the lease was to expire on January 31,
1978. Article III of the lease provided
for an option to renew for three suc-
cessive five-year terms.

On February 9, 1989, plaintiff
served defendants with a notice to
vacate the premises as required by
R.C. 1923.04. A second notice to
vacate the premises was served by
plaintiff on defendants on February
15, 1989.

On March 3, 1989, plaintiff filed its
complaint in forcible entry and de-
tainer seeking restitution of the
premises. The basis on which plaintiff
alleges it is entitled to restitution of
the premises is breach of the terms of
the lease. The plaintiff contends that
the defendants have purported to
assign the lease without the prior writ-
ten consent of the lessor, which writ-
ten consent is required by Article XIV
of the lease.

Under Civ. R. 56 summary judg-
ment can only be granted if there are
no genuine issues of material fact and
the moving party is entitled to judg-
ment as a matter of law.

The defendants have maintained
plaintiff has waived the notice to
vacate required by R.C. 1923.04
because plaintiff accepted rental
payments after the day the tenants
were requested to vacate (the "vacate
day") set forth in the second notice for

periods of occupancy after the vacate day. There is no genuine issue of fact that plaintiff did accept rental payments after the vacate day (February 18, 1989) as follows:

(1) On March 2, 1989, L. Zipkin wrote personal check No. 5210, dated March 2, 1989, in the amount of $2,001.81 payable to the entity "Fairlawn Plaza Center" ("FSC"), the entity which plaintiff desired to be the payee of rental payment checks from defendants. Check No. 5210 was for payment of rent through March 31, 1989.

(2) Plaintiff did not receive check No. 5210 until sometime after March 3, 1989.

(3) Plaintiff cashed or deposited the check on or about March 13, 1989.

(4) On or about March 6, 1989, L. Zipkin wrote personal check No. 5211, dated March 6, 1989, in the amount of $32,174.00 payable to FSC. This amount was payable as percentage rent as required by the lease.

(5) Plaintiff cashed or deposited check No. 5211 on or about March 13, 1989.

(6) On or about April 1, 1989, L. Zipkin wrote personal check No. 5230, dated April 1, 1989, payable to FSC in the amount of $2,238.99. Check No. 5230 was payment of rent through April 30, 1989.

(7) Plaintiff cashed or deposited check No. 5230 on or about April 5, 1989.

It must be remembered that on the facts of the case before the court we are dealing with a situation (1) where the eviction is not for nonpayment of rent, but is based on an alleged breach of another covenant of the lease, and (2) the waiver alleged by defendants took place after the vacate day. A number of cases have been cited by the defendants for the principle they seek to have the court adopt. In particular they cite *Presidential Park Apts.* v. *Colston* (App. 1980), 17 O.O. 3d 220, and *Associated Estates Corp.* v. *Bartell* (1985), 24 Ohio App. 3d 6, 24 OBR 28, 492 N.E. 2d 841.

In *Colston* the plaintiff sought restitution of the premises on the basis of the tenant's disturbance of his neighbors. Thus, the basis for the eviction was for a reason other than nonpayment of rent, just as in the case now before the court. The Court of Appeals for Franklin County noted that the key fact was that at the time of the hearing on May 2, 1979, "plaintiff had already received defendant's rent payment for the month of May and had not tendered this payment back to defendant. * * *" *Id.* at 221.

The court commented: "* * * After serving a notice to vacate, it is inconsistent for a landlord to accept and retain rent payments in advance. * * *" *Id.*

The court further observed that:

"A tenant in occupancy defending such an action is liable for rent during the pendency of the suit, and the landlord may accept rent paid for liability already incurred without acting inconsistently with the notice to vacate. But by accepting future rent payments, the landlord has waived the three-day notice since such acceptance is inconsistent with the landlord's notice to vacate. * * *" *Id.*

The court recognized that its holding on this issue "may place a landlord in a difficult position considering the length of time sometimes required to prosecute a forcible entry and detainer action. * * *" *Id.*

*Bartell* likewise was a case in which the landlord sought eviction on grounds other than for nonpayment of rent. The landlord complained of " 'serious repeated damage to unit, repeated disturbance.' " *Id.* at 7, 24 OBR at 29, 492 N.E. 2d at 843. In *Bartell* the landlord served the tenant with a three-day notice on January 30, 1984. However, plaintiff continued to accept rent for periods of occupancy

beyond that date. For example, plaintiff cashed defendant's check for the month of April on April 4, 1984.

The court followed the holding in *Colston,* restating it as follows:

"Since appellee accepted *future rent payments* from appellant following service of the notice to vacate the premises, appellee has waived the statutory requirement of notice. * * *" (Emphasis *sic.*) *Id.* at 9, 24 OBR at 31, 492 N.E. 2d at 845.

Therefore, the "action did not commence" according to the appellate court.

This court recognizes that courts in many jurisdictions have reached various results on the issue of landlords accepting rent payments after the commencement of an action for restitution of the premises. See, *e.g.,* 49 American Jurisprudence 2d (1970), Landlord and Tenant, Sections 1071 to 1075. An important distinction must be made between the holdings of most of the cases cited in American Jurisprudence 2d and the holdings in *Colston* and *Bartell.* The former cases concern waiver of the right to declare a forfeiture, upon acceptance of future rent payments, under any circumstances at any time because of the breach of the lease. In these cases the waiver, which was sometimes found, waived the breach of the lease itself, which breach was for reasons other than for nonpayment of rent. Further, a new action could not be filed on the basis of the alleged breach after the waiver was found to exist. In *Colston* and *Bartell* the courts held, not that the breach had been waived, but only that the three-day notice had been waived. This court interprets the defendants' motion before it, based upon the arguments in defendants' brief and supplemental brief, as arguing that the acceptance of future rent has the effect of negating the notice-to-leave-the-premises element of plaintiff's eviction case. Thus, the court does not make any finding or conclusion regarding the possible effect of acceptance of rent as waiving the breach alleged as the basis for eviction in plaintiff's complaint.

The court has found no decision of the Supreme Court of Ohio or the Ninth Appellate District on point. The court believes that the holdings of *Colston* and *Bartell* on the issue before the court are correct. Plaintiff argues that rent for the premises for the month of March 1989 was due on March 1, 1989, and that rent for the month of April 1989 was due on April 1, 1989. Therefore, plaintiff argues the payment of rent on or after the first day of the month for the entire month does not constitute acceptance of "future rent payments" as referred to in *Colston* and *Bartell.* This court disagrees. "Future rent payments" in *Colston* and *Bartell,* as is clear from the facts and discussion in those cases, means payments for any period of occupancy which occupancy is after the date of the acceptance by the landlord of the payment.

The period after which the landlord cannot accept future rental payments is the date of the serving of the three-day notice, not the vacate date as contended by defendants, but this does not affect the outcome in this case.

The court finds that it is an undisputed fact that plaintiff accepted future rental payments after February 15, 1989. Therefore, as a matter of law, plaintiff has waived the statutory three-day notice. As a matter of law plaintiff's complaint must be dismissed without prejudice.

The defendants' motion for summary judgment is granted to the following extent only: This case is dismissed without prejudice at plaintiff's cost.

*Judgment accordingly.*

ROBERT B. HARTNETT, J., retired, of the Akron Municipal Court, sitting by assignment.