WITKOWSKI, d.b.a. PM Properties, Appellee,

v.

ARDITI, Appellant.

[Cite as *Witkowski v. Arditi* (1997), 123 Ohio App.3d 26.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 111.

Decided Sept. 25, 1997.

*Robert Christian*, for appellee.

28

*Linda Arditi, pro se.*

WAITE, Judge.

Defendant–appellant, Linda S. Arditi, appeals from the judgment of Mahoning County Area Court No. 5 granting plaintiff–appellee Paul Witkowski, d.b.a. PM Properties, possession of premises following a forcible entry and detainer action. For all of the following reasons, we affirm the decision of the trial court.

The record reflects that the parties entered into a one-year lease agreement commencing on November 5, 1993. Appellant became delinquent in rent payments beginning with the December 1993 payment and continued to be delinquent in paying through March 1994. Appellee sent several letters to appellant, advising her of the serious nature of the matter and asking her to bring the payments up to date. Appellant did not respond or comply.

Appellee commenced a forcible entry and detainer action on April 7, 1994. The complaint set forth two claims for relief. The first claim requested return of the premises and the second claim requested past-due amounts for rent and late charges. The trial court entered judgment for appellee on April 27, 1994, on the first cause of action and continued the second. Appellant filed a counterclaim and a motion to vacate the judgment on the first cause of action and combined this with a motion for stay of execution. The trial court continued the hearing to give appellee an opportunity to respond to the counterclaim but overruled the motion to vacate. Appellant subsequently filed a motion for a new trial. Appellee filed an answer to the counterclaim on May 24, 1994, and the trial court set a hearing date of June 1, 1994.

The trial court found against appellant on her counterclaim, overruled her motion for a new trial, overruled her renewed motions to vacate the judgment, and entered judgment for appellee in the amount of $2,600 on June 6, 1994.

The trial court issued a writ of restitution on June 8, 1994. Appellant filed a stay of execution pending appeal on the same day. This court denied appellant's request for stay of execution on June 21, 1994.

It should be noted from the outset appellant has failed to file a transcript of the proceedings, a statement of the evidence, or an agreed statement as required by App.R. 9. The court of appeals is a court of review that bases its decisions upon a review of the record below. Here we are provided with no record to review. While this matter may be disposed of for failure to comply with that requirement alone, we nonetheless attempt to address the arguments appellant raises.

Appellant does not set forth her assignments of error in the traditional sense but, instead, presents one "argument with statements of error" in which she raises several issues in combination.

The first portion of appellant's argument claims that appellee retaliated against her due to her complaints about alleged lack of repairs and proper maintenance to the premises. Appellant correctly refers to R.C. 5321.04(A)(2), which sets forth the landlord's duty to "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." Furthermore, she correctly states that a landlord may not retaliate against a tenant because the tenant (1) complains to an appropriate government agency concerning code violations, (2) complains to the landlord, or (3) joins with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of a rental agreement. R.C. 5321.02(A). She apparently overlooks the fact that this section does not serve to prevent a landlord from commencing an action for possession of the premises when the tenant is in default in the payment of rent. R.C. 5321.03(A)(1).

A landlord may commence an action in forcible entry and detainer to regain possession of premises that are alleged to be unlawfully possessed by a tenant. Before a trial court may grant judgment in a forcible entry and detainer action, the landlord must comply with three requirements. The landlord must (1) serve the tenant with proper notice of the termination of the tenancy, (2) serve the tenant with a proper three-day notice, and (3) file a complaint against the tenant in forcible entry and detainer. *Voyager Village Ltd. v. Williams* (1982), 3 Ohio App.3d 288, 291, 3 OBR 333, 336–337, 444 N.E.2d 1337, 1341.

Appellee attached to his complaint copies of letters sent to appellant. From these letters and from entries made on the civil docket, it is possible to conclude that the trial court reasonably deduced that appellee complied with the requirements listed above. Nonetheless, appellant failed in her duty to provide this court with a transcript of the lower court proceedings. In the absence of a complete record, the reviewing court is unable to evaluate the merits of appellant's arguments in this matter. See *State ex rel. Montgomery v. R & D Chem. Co.* (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822–823, where the court held that appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record.

The remainder of appellant's argument relates to the denial of her motion for a new trial and the denial of her request for a stay of execution pending appeal. Appellant takes issue with the trial court's determination that her motion for a new trial was not filed in a timely manner. Civ.R. 59(B) provides that "[a] motion for a new trial shall be served not later than fourteen

days after the entry of the judgment." A judgment entry in a forcible entry and detainer action which contains an order relating to the right of possession of property is a final appealable order. This is true even absent a specific ruling on the issue of damages, because a proceeding for forcible entry and detainer is a special proceeding that affects a substantial right. *Skillman v. Browne* (1990), 68 Ohio App.3d 615, 619, 589 N.E.2d 407, 409.

The trial court entered judgment against appellant regarding possession of the premises on April 27, 1994. Therefore, the statutory period for the filing of a motion for a new trial began to toll on that date. Appellant filed her motion for a new trial on May 18, 1994. Appellant's motion therefore exceeds the time limit prescribed by Civ. R. 59(B). Additionally, appellant failed to make a second motion for a new trial following the trial court's June 6, 1994 judgment dealing with damages.

The trial court denied appellant's request for a stay of execution filed after its judgment regarding possession in the June 6, 1994 judgment entry. The trial court also issued a writ of restitution as part of that same judgment entry. Appellant filed a second request for stay of execution on June 8, 1994, which this court denied on June 21, 1994 due to the fact that appellant presented no argument in support of her requested stay. It is incumbent upon a person seeking a stay of execution to provide the court with reasons upon which the court may base a stay. Absent these reasons, a stay will be denied.

A matter is moot where a judgment is sought upon a matter which, when judgment is rendered, will not have any practical effect upon the issues raised by the pleadings. *Crossings Dev. Ltd. v. H.O.T., Inc.* (1994), 96 Ohio App.3d 475, 479, 645 N.E.2d 159, 161–162. This court's denial of appellant's request for a stay of execution following a successful forcible entry and detainer action effectively rendered appellant's claim moot. The writ of restitution led to appellant's removal from the premises, and appellee has been in possession ever since. Inasmuch as appellant failed to obtain a stay of execution from any court and has given up possession of the premises and, most important, has failed to provide this court with any record to review in this matter, we have no choice but to affirm the judgment of the trial court.

For all of the foregoing reasons, appellant's arguments are without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.