DECISION AND JUDGMENT ENTRY
Mary Dale appeals the Ironton Municipal Court's judgment in favor of her landlord, William Bryant. Dale filed four counterclaims which the trial court never addressed. However, because a forcible entry and detainer action constitutes a special proceeding which affects a substantial right, Dale's appeal is timely. Dale asserts that the trial court's entry of judgment in Bryant's favor was contrary to law. We agree, because the undisputed evidence showed that Bryant accepted rent payments from Dale after he served the notice to vacate upon her. Therefore, we reverse the judgment of the trial court.
 I.
Bryant owns a house trailer located at 900A High Street in Coal Grove, Ohio. Dale and her family rent the home from Bryant at a rate of two hundred dollars per month, paid monthly in advance. On July 2, 1998, Dale paid Bryant two hundred dollars and Bryant issued a receipt. On July 23, 1998, Bryant delivered a "Notice to Leave the Premises," which informed Dale that she was required to vacate her home by July 27, 1998. The notice stated that Dale had failed to pay her rent and that Bryant wanted to dispose of the deteriorating trailer.
On August 1, 1998, Dale paid Bryant two hundred dollars and Bryant issued a receipt. However, on August 17, 1998, Bryant filed a complaint for forcible entry and detainer in the Ironton Municipal Court. In his complaint, Bryant alleged that Dale failed to pay her July rent, and stated that he served Dale with a three-day notice on July 23, 1998.
Bryant served the complaint on Dale on September 6, 1998. On September 11, 1998, Dale filed an answer in which she alleged that she was current in her rent payments, that Bryant accepted rent from her after serving the three-day notice, and that Bryant's failure to make repairs to the trailer entitled her to a rent abatement and possession of the trailer. Dale also filed four counterclaims asserting to her right to recover damages and obtain an injunction ordering Bryant to repair the trailer. Dale demanded a trial by jury on all issues. Finally, Dale filed a motion for summary judgment and attached the receipts for her July and August 1998 rent payments.
On September 15, 1998, the parties appeared before a magistrate and Dale requested that the court impanel a jury. The magistrate informed Dale that she waived her right to a jury trial by failing to post bond. Over Dale's objection, the magistrate held a trial to the bench.
At trial, Bryant first testified that Dale's July 1998 rent was past due. After being confronted on cross-examination with a receipt bearing his signature and reflecting a July 2, 1998 payment of two hundred dollars for July rent, Bryant stated that Dale paid only one hundred dollars rent during one month in 1997, and that she still owed him for that month. Bryant further testified that Dale permitted the condition of the trailer to deteriorate, that he felt it was unsafe for occupancy, and that he wished to dispose of the trailer rather than attempt to fix it. Bryant admitted that he accepted a two hundred dollar rent payment for August rent from Dale on August 1, 1998, and issued a signed receipt for that payment.
Dale testified that she did not owe Bryant any money for rent. She admitted that she once paid only one hundred dollars rent, but testified that she later made the outstanding one hundred dollar payment.
The magistrate found in favor of Bryant and issued a report ordering Dale to vacate the trailer. Dale filed objections to the magistrate's report. The trial court affirmed the magistrate's decision. Dale timely filed this appeal.
Dale asserts the following assignments of error:
 I. The trial court violated O.R.C. 1923.10 and the U.S. and Ohio Constitutions when it refused to impanel a jury because the party demanding the trial by jury had not posted a continuance bond provided by O.R.C. 1923.08.
 II. The trial court erred as a matter of law, abused its discretion, and entered judgment against the manifest weight of the evidence when it found for the plaintiff-appellee.
 II.
Because the trial court did not address Dale's four counterclaims, at the outset we must determine whether we possess jurisdiction to review the judgment in this case.
Appellate courts in Ohio have jurisdiction to review the "final orders" or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C.2501.02 and 2505.03. R.C. 2505.02 provides in part that an order is final and appealable when it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). A "special proceeding" is an action "that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). A "substantial right" is a right that the law "entitles a person to enforce or protect." R.C. 2505.02(A)(1).
Forcible entry and detainer is a special type of action which was unknown at common law and was created "under art. 10 of the act of March 14, 1853." Kelly v. Nichols (1859), 10 Ohio St. 318, paragraph one of the syllabus; see, also, Dayton Women's HealthCenter v. Enix (1990), 52 Ohio St.3d 67, 74 (Douglas, J., dissenting); Rothwell v. Winterstein (1884), 42 Ohio St. 249. Therefore, a proceeding for forcible entry and detainer is a special proceeding. Additionally, an entry in a forcible entry and detainer proceeding affects a substantial right. Witkowski v.Arditi (1997), 123 Ohio App.3d 26, 29; Skillman v. Browne (1990),68 Ohio App.3d 615, 619; Sholiton Inds. v. Royal Arms, Ltd. (June 4, 1999), Montgomery App. No. 17480, unreported. Thus, the entry at issue in this case falls squarely within the description of a final appealable order set forth in R.C. 2505.02(B)(2).
When Civ.R. 54(B) applies, an entry also must comply with Civ.R. 54(B) before it can be deemed a final appealable order.Noble v. Colwell (1989), 44 Ohio St.3d 92, 96; Minix v. Collier
(July 16, 1999), Scioto App. No. 98CA2619, unreported. Civ.R. 54 (B) provides that "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). Generally, this court does not possess jurisdiction over a judgment which resolves only one of a number of pending claims for relief, unless that judgment contains the "no just reason for delay" language.
Pursuant to Civ.R. 1(C), certain civil rules do not apply to forcible entry and detainer actions. The Ohio Supreme Court has determined that Civ.R. 1(C) renders Civ.R. 54(B) inapplicable to forcible entry and detainer actions. Cuyahoga Metro. HousingAuthority v. Jackson (1981), 67 Ohio St.2d 129, syllabus;Skillman at 619; Hocking Metro. Housing Authority v. Martin (Mar. 5, 1998), Hocking App. No. 97CA9, unreported. Therefore, Civ.R. 54(B) does not apply in this case, and the absence of the words no just reason for delay" does not prevent us from considering Dale's appeal.
The judgment which Dale appeals was entered in a special proceeding, affects a substantial right, and does not fall within the purview of Civ.R. 54(B). Accordingly, we address the merits of Dale's appeal.
 III.
Within her second assignment of error, Dale asserts that the trial court erred as a matter of law by entering judgment in favor of Bryant. Specifically, Dale asserts that Bryant waived the three-day notice he served upon her in July by accepting her August rent. Because a valid three-day notice is a prerequisite to initiating an action in forcible entry and detainer, Dale asserts that she is entitled to judgment as a matter of law.
R.C. 1923.04 provides that a party wishing to initiate a forcible entry and detainer action "shall notify the adverse party to leave the premises, * * * three or more days before beginning the action * * *." R.C. 1923.04(A). After a landlord has served a three-day notice, if the landlord accepts even partial future rent payments, the landlord waives the notice.Gary Crim, Inc. v. Rios (1996), 114 Ohio App.3d 433, 436, citingAssociated Estates Corp. v. Bartell (1985), 24 Ohio App.3d 6;Fairborn Apartments v. Herman (Jan. 31, 1991), Greene App. No. 90CA28, unreported. As a result of such a waiver, the trial court must dismiss any forcible entry and detainer action based upon the waived notice. Cornerstone Cos. Fairlawn Ventures, Ltd. v.Zipkin (1989), 60 Ohio Misc.2d 14, 16; Sheridan Manor Apartmentsv. Carter (Dec. 23, 1992), Lawrence App. No. 92CA4, unreported.
In this case, Bryant served the three-day notice upon Dale on July 23, 1998. Bryant conceded that he accepted a two hundred dollar rent payment from Dale on August 1, 1998. Therefore, even if Dale owed Bryant one hundred dollars in back rent, Bryant accepted a payment of one hundred dollars toward future rent after he served the three-day notice. Moreover, we note that Bryant wrote on the memo line of the receipt that the two hundred dollar payment was "for Aug.," reflecting that he accepted the payment as August rent. Therefore, we find that Bryant waived the three-day notice he served upon Dale. Because valid notice is a prerequisite to filing a forcible entry and detainer action, the trial court was precluded from reaching the merits of this case
We find that the trial court erred by denying Dale's motion for summary judgment. We further find that Dale's remaining assignments of error are moot, and pursuant to App.R. 12(A)(1)(c), we need not address them. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court to enter judgment in favor of Dale.
 JUDGMENT REVERSED AND CASE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele. J.: Concurs in Judgment and Opinion.
Harsha. J.: Concurs in Judgment Only.
For the Court
 BY: ________________________ Roger L. Kline, Presiding Judge