OPINION
{¶ 1} This appeal involves a property dispute between the Rulli brothers. Appellee Frank A. Rulli filed a complaint for forcible entry and detainer in the Mahoning County Court of Common Pleas against Appellant, Rulli Brothers, Inc. Appellee was attempting to regain possession of commercial property in Boardman, Ohio. The trial court sustained Appellee's motion for partial summary judgment after Appellee established that he owned the property, had a right to possession of the property, and gave proper notice to Appellant to vacate the premises. Appellee acquired the property through public auction in a bankruptcy case, "free and clear of all liens and encumbrances." (11/7/01 Complaint, exh. A.) Appellant raises issues in this appeal that may have been applicable in the bankruptcy litigation, but have no relevance to this forcible entry and detainer action. Based on the record in this matter, the judgment of the trial court is affirmed.
 {¶ 2} Although this appeal arises out of a partial summary judgment, it qualifies as a final and appealable order. A forcible entry and detainer action decides the right to immediate possession of the property and nothing else. Seventh Urban, Inc. v. University Circle
(1981), 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, note 11. A judgment entry giving or denying a present right to possession of property under R.C. Chapter 1923 is a final, appealable order, even where all the causes of action have not been adjudicated. Cuyahoga Metro. Hous. Auth. v. Jackson
(1981), 67 Ohio St.2d 129, 132, 423 N.E.2d 177; Witkowski v. Arditi
(1997), 123 Ohio App.3d 26, 30, 702 N.E.2d 1231.
 {¶ 3} On November 7, 2001, Appellee filed a complaint against Appellant for forcible entry and detainer and an action for past due rent. Appellee was attempting to regain possession of commercial property at 5780 South Avenue in Boardman, Ohio. Appellee acquired the property through a bankruptcy sale. Appellant was using the property to operate a grocery store and refused to vacate the property after the bankruptcy sale.
 {¶ 4} On January 14, 2002, Appellee's complaint was consolidated with another case involving the same parties already pending in the Mahoning County Court of Common Pleas.
 {¶ 5} On February 22, 2002, Appellee filed a Partial Motion for Summary Judgment to resolve the forcible entry and detainer claim. Appellee argued that he had established his ownership of the property and that Appellant had not demonstrated any right to possession of the property.
 {¶ 6} On March 15, 2002, Appellant filed a motion in opposition to summary judgment. Appellant made a number of allegations in the motion that were not supported by any evidence. Appellant alleged that Appellee was a director and shareholder of Appellant Rulli Brothers, Inc. Appellant alleged that the corporation is owned and operated by Appellee and two other brothers. Appellant alleged that it had been in possession of the property for many years to operate a grocery store. Appellant alleged that Appellee orchestrated the bankruptcy proceedings so that Appellee could get sole possession of the property. Appellant alleged that Appellee is at war with his family and that the family feud is what motivated the eviction action. Appellant alleged that Appellee has a fiduciary responsibility to Appellant and cannot enforce the eviction.
 {¶ 7} The only document attached to the Appellant's motion in opposition was an order from the Bankruptcy Court confirming the sale of the property and stating that, "disputes regarding possession shall be determined by a state court of competent jurisdiction * * *." (3/15/02 Motion In Opposition, attachment.)
 {¶ 8} On July 22, 2002, the trial court filed a judgment entry granting Appellee's motion for partial summary judgment. The court explained that the forcible entry and detainer action only dealt with the right to possession of the property. The court found that Appellant had not shown any right to possession. The court acknowledged that Appellant may have other claims against Appellee, but that those claims do not defeat Appellee's right to possession of the property.
 {¶ 9} This timely appeal followed.
 {¶ 10} Appellant's sole assignment of error asserts:
 {¶ 11} "The trial court erred by granting plaintiff-appellee's motion for summary judgment."
 {¶ 12} Appellant asserts on appeal the same arguments it raised in its motion in opposition to summary judgment. Appellant repeats allegations about bad blood between members of the Rulli family and about Appellee's alleged breach of fiduciary responsibility. Appellant claims that it would be inequitable to allow the eviction to go forward under these circumstances.
 {¶ 13} An appellate court reviews de novo a decision to grant a motion for summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Before summary judgment can be granted the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably toward the party against whom the motion for summary judgment is made, that conclusion is adverse to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 4 O.O.3d 466, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility for informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 {¶ 14} To recover on his action for forcible entry and detainer, Appellee had to establish that he had the right to possess the property, because "[t]he gist and foundation of the action is the right to present possession." Egner v. Egner (1985), 24 Ohio App.3d 171, 172, 493 N.E.2d 999. "The underlying purpose behind the forcible entry and detainer action is to provide a summary, extraordinary, and speedy method for the recovery of [the] possession of real estate * * *." State ex rel. GMS ManagementCo., Inc. v. Callahan (1989), 45 Ohio St.3d 51, 55, 543 N.E.2d 483.
 {¶ 15} Appellee established his right to possession by presenting the confirmation of sale order from the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. The bankruptcy order stated that Appellee received the property, "free and clear of all liens and encumbrances." Appellant did not present any evidence in rebuttal. In order to defeat the motion for summary judgment, Appellant was required to present evidence to rebut the evidence and arguments presented by Appellee. Dresher, supra, at 293. Appellee's evidence was required to conform to Civ.R. 56(C), which states in pertinent part:
 {¶ 16} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 17} Appellant seems to argue that he had a lease on the property to operate a grocery store, and that this lease somehow survived the bankruptcy proceedings. It is true that a lease is an encumbrance on real property. Karas v. Brogan (1978), 55 Ohio St.2d 128, 129,378 N.E.2d 470. It is evident, though, that the property was sold to Appellee free from encumbrances. We are well aware that there are circumstances in which a lease may survive as an encumbrance on property that has passed through bankruptcy. See, e.g., In re Texaco, Inc.
(2000), 254 B.R. 536. The lessee, though, must preserve his lease in the bankruptcy proceedings, or else he, "will have no hope of recovery if the [bankrupt] debtor liquidates or assigns all of its assets." 3 Collier on Bankruptcy (15 Ed. 1995), 365-31, Section 365.04[2][d]. Appellant did not produce any actual evidence that it had a lease, so it is completely speculative to say whether that lease might have survived bankruptcy.
 {¶ 18} Because the record reflects there is no real dispute over Appellee's right to possess the property, the trial court was correct in granting summary judgment on the issue of forcible entry and detainer. Appellant's assignment of error is overruled and the decision of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.