[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Gerald Crabtree purchased real property at auction after the previous owners, Sally and Jason Taylor, failed to pay property taxes. The Taylors alleged the tax sale was defective and refused to vacate the property. Crabtree filed a forcible entry and detainer action seeking their removal. The parties filed an agreed entry stating the Taylors would remain on the property but deposit $350.00 per month with the court to secure the fair market rental value that would be due Crabtree if they failed in their attempts to set aside the tax sale and regain ownership of the property. The agreed entry stated that the Taylors would deposit the funds until the Lawrence County Court of Common Pleas issued a final order resolving ownership of the property and the time for appeal of that order expired.
 {¶ 2} At some point, the Taylors stopped depositing the rental value amount with the court and Crabtree filed a motion to compel posting of the bond. The court concluded that the Taylors had already deposited more than Crabtree had paid for the property at the tax sale and, therefore, sufficient bond had been posted to protect Crabtree's interest in the property. The court determined that further security was unnecessary and continued the matter until the legality of the tax sale was decided. Crabtree appealed from this entry.
 {¶ 3} After reviewing the notice of appeal, we issued an entry instructing Crabtree to file a memorandum addressing whether the trial court had issued a final appealable order because the entry did not resolve all the pending issues or contain "an express determination that there is no just reason for delay" pursuant to Civ.R. 54(B). Crabtree filed a memorandum in support of jurisdiction. The Taylors have not filed a response.
 {¶ 4} Section 3(B)(2), Article IV of the Ohio Constitution provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." "An order of a court is a final appealable order only if the requirements of both R.C.2505.02 and, if applicable, Civ.R. 54(B), are met." State exrel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315,776 N.E.2d 101, at ¶ 5. If an order is not final and appealable, a reviewing court has no jurisdiction to consider the matter and has no choice but to dismiss the appeal. The Bell Drilling Producing Co. v. Kilbarger Constr., Inc. (June 26, 1997), Hocking App. No. 96CA23, at 2.
 {¶ 5} A "final order" is defined as an order that affects a "substantial right" and is made in a "special proceeding." R.C.2505.02(B)(2). We have previously held that a forcible entry and detainer action is a "special proceeding." McCarty v. Evans,
Jackson App. No. 02CA17, 2003-Ohio-1522. The question is whether the trial court's order "affected" a "substantial right."
 {¶ 6} Crabtree correctly notes that several cases have recognized that the grant or denial of possession of property in a forcible entry and detainer action is a final appealable order, even where all the causes of action have not been adjudicated. See Housing Authority v. Jackson (1981), 67 Ohio St.2d 129,132, 423 N.E.2d 177; Witkowski v. Arditi (1997),123 Ohio App.3d 26, 30, 702 N.E.2d 1231. However, as Crabtree recognizes in his brief, those cases are distinguishable because the trial court here neither granted nor denied Crabtree's request for possession of the property. Nonetheless, Crabtree contends that the court's entry allowing the Taylors to stop depositing funds with the court effectively denies Crabtree possession of his property without adequate bond, affecting a substantial right.
 {¶ 7} We disagree. An order affects a substantial right if it is one which, if not appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181. To show that an orderaffects a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective future relief. See Konold v. R.W. Sturge, Ltd.
(1996), 108 Ohio App.3d 309, 311, 670 N.E.2d 574; Rhynehardt v.Sears Logistics Services (1995), 103 Ohio App.3d 327, 330,659 N.E.2d 375. It is not enough that an order merely restricts or limits that right; rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order. State v. Chalender (1994), 99 Ohio App.3d 4, 6-7,649 N.E.2d 1254.
 {¶ 8} Crabtree has not convinced us that he cannot be afforded proper relief even if the court erred in permitting the Taylors to stop making monthly deposits. The action is still pending in the trial court and Crabtree may still recover damages from the Taylors even though they exceed the total sum contained in the escrow account. Therefore, Crabtree may still receive relief from the order, even without this Court's intervention. Because we find that the court's entry does not affect a substantial right, it is not a final appealable order and we have no jurisdiction to review it.
 {¶ 9} Crabtree also argues that the order is final and appealable because it is a "provisional remedy." An order that grants or denies a provisional remedy is a final appealable order if both of the following criteria are met:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
R.C. 2505.02(B)(4). A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, or a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code." R.C. 2505.02(A)(3).
 {¶ 10} Without concluding whether the trial court's decision is actually a "provisional remedy" that would satisfy R.C.2505.02(B)(4)(a), we conclude the entry fails to satisfy the requirement of R.C. 2505.02(B)(4)(b). Crabtree is essentially arguing the trial court's entry does not require the Taylors to deposit enough money to ensure that his potential damages are covered. While an appeal following decision of all issues and claims could not require more money to be deposited into escrow by the Taylors, it could certainly reverse the trial court's finding that Crabtree is entitled only to damages totaling the amount he paid for the property. Therefore, Crabtree could still collect monies owed to him from the Taylors for the time they remained on the property and Crabtree would be afforded an effective remedy on appeal. Because the trial court's entry does not satisfy both requirements of R.C. 2505.02(B)(4), we conclude that it is not a final appealable order and we are without jurisdiction to review the entry.
APPEAL DISMISSED. COSTS TO APPELLANT.
Abele, J. Kline, J.: Concur.