JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a Berea Municipal Court judgment that transferred plaintiff-appellant Anantkumar Patel's forcible entry and detainer action against defendants-appellees, Rachpal and Deepinder P. Nilvi, from the Berea Municipal Court to the Cuyahoga County Common Pleas Court. We dismiss for lack of a final appealable order.
 {¶ 2} On May 3, 2006, Patel filed an action for forcible entry and detainer against the Nilvis in the Berea Municipal Court regarding property located at 10134 Peachtree Drive in Strongsville, Ohio.
 {¶ 3} On March 28, 2006, however, prior to the filing of the forcible entry and detainer action, the Nilvis filed suit in the Cuyahoga County Common Pleas Court against Patel and two other defendants. Nilvi v.Chokshi, Case No. CV-587735. That suit, which involved the property at 10134 Peachtree Drive, as well as several other properties, alleged breach of contract and fraud against Patel in his dealings with the Nilvis regarding the properties and sought a temporary restraining order and a permanent injunction against Patel and the other defendants. Service on the defendants was completed on March 31, 2006, prior to Patel's filing of the forcible entry and detainer action.
 {¶ 4} The Nilvis subsequently filed a motion to dismiss Patel's case in the Berea Municipal Court. They argued that, in light of the pending action in the *Page 2 
Cuyahoga County Common Pleas Court, which involved the same property and issues, the forcible entry and detainer action should be tried there.
 {¶ 5} On June 21, 2006, the magistrate found that Patel's eviction action should have been filed as a counterclaim in the common pleas court case. The magistrate further found that the Nilvis' motion to dismiss should be treated as a motion to transfer and consolidate and granted the motion. Accordingly, the magistrate ordered that the municipal court matter be transferred and consolidated with Case No. CV-587745 in the common pleas court.
 {¶ 6} Patel filed objections to the magistrate's decision, which the trial judge subsequently overruled. He now appeals from that judgment. The order is not final and appealable, however, and, therefore, we have no jurisdiction to hear the appeal.
 {¶ 7} Our appellate jurisdiction is limited to reviewing final orders. See Section 3(B)(2), Article IV, Ohio Constitution. As pertinent to this case, R.C. 2505.02(B)(2) defines a "final order" as "an order that affects a substantial right made in a special proceeding." There is no question that a forcible entry and detainer action is a "special proceeding." McCarty v. Evans, Jackson App. No. 02CA17, 2003-Ohio-1522, at ¶ 8, citing Colombo Enterprises, Inc. v. Fegan (Apr. 12, 2001), Cuyahoga App. No. 78041 and Bryant v. Dale (Sep. 10, 1999), Lawrence App. No. 98CA36. See, also, Crabtree v. Taylor, Lawrence App. No. 06CA6,2006-Ohio-1760, at ¶ 5. The question presented in this case is whether the trial court's *Page 3 
order transferring the forcible entry and detainer matter to the common pleas court "affected" a "substantial right."
 {¶ 8} A "substantial right" is a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. R.C.2505.02(A)(1). Generally, property rights are considered to be substantial rights. Todd Dev. Co. v. Morgan, Warren App. No. CA2005-11-124. An order affects a substantial right if "in the absence of an immediate appeal, it forecloses appropriate relief in the future."Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63.
 {¶ 9} Clearly, the municipal court's order to transfer and consolidate does not foreclose effective relief for Patel in the absence of immediate review of the order. The only effect the order has on his claim is a change in forum from the municipal court to the common pleas court. The order does not affect his right to evict the Nilvis and neither his claim nor his remedy have been extinguished. Accordingly, the trial court's order does not affect a substantial right and, therefore, does not constitute a final appealable order pursuant to R.C.2505.02. Because the order is not a final appealable order, we do not have jurisdiction to review the matter.
Dismissed.
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR. *Page 1