DECISION AND JUDGMENT ENTRY
{¶ 1} Leah Daniels appeals the judgment of the Lawrence County Municipal Court in favor of Christine Thomas on Daniels' third party claim. Thomas brought a forcible entry and detainer action against Tony Harmon. While the case was pending, Daniels intervened as a third party defendant alleging that she owned the real property where Harmon lived, not Thomas. The court determined that Thomas, not Daniels, owned the property. On appeal, Daniels raises three assignments of error, which we do not *Page 2 
address. Because the court did not resolve all the claims between Thomas and Harmon, and because the judgment appealed did not comport with Civ.R. 54(B), Daniels did not appeal a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.
 I. {¶ 2} In her forcible entry and detainer complaint, Thomas sought to evict certain individuals from her property in her first cause of action. In her second cause of action, she sought to remove a mobile home from her property. After the two causes of action, Thomas wrote her prayer for relief as follows: "Wherefore, Plaintiff [p]rays that this Court award restitution of the said real estate, that the court order removal of said mobile home from the property, that the court award damages against the Defendant and for the Plaintiff with costs and interest and that the Plaintiff be provided with such additional relief as the Court deems just and proper."
 {¶ 3} A careful review of the record shows that the court awarded Thomas restitution on March 22, 2005 and ordered Harmon to leave the premises within ten days. The court labeled the Judgment Entry a "Final Appealable Order." However, the record does not show that the court addressed Thomas's (1) second cause of action for removal of the mobile home, (2) request for damages, and (3) request for costs and interest.
 {¶ 4} Daniels intervened as a third party defendant shortly after Thomas filed her complaint. She alleged that she actually owned the real estate in dispute. Thomas and Daniels agreed to have the land surveyed to determine who owned the real estate. *Page 3 
Once the survey determined ownership, the non-owner would then pay the costs of the surveyor. The court resolved all the issues in Daniels' third party claim in favor of Thomas, including damages in the amount of $3,168.75 plus interest from June 9, 2005.
 {¶ 5} Daniels appeals the judgment involving her third party claim and raises the following three assignments of error: I. "APPELLANT CONTENDS THAT THE SURVEY IN THE WITHIN CAUSE IS DEFECTIVE AND SHOULD BE DECLARED NULL AND VOID. THE ERROR IS REFLECTED ON THE SECOND PAGE OF THE SURVEYOR'S NARRATIVE AND IN THE ATTACHED PLAT TO THE SURVEY, BASED UPON THE UNRECORDED SURVEY." II. "SURVEY ALSO FAILS TO DISCLOSE DEVIATIONS FROM MAGNETIC NORTH AS REQUIRED BY STATUTE." And, III."THE TRIAL COURT ERRED IN ADMITTING THE SURVEY INTO EVIDENCE."
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but *Page 4 
to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr. Co.
(1972), 29 Ohio St.2d 184.
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C.2505.02(B)(1), (2). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. TilleyLamp Co. (1971), 27 Ohio St.2d 303, 306.
 {¶ 8} Here, Thomas's forcible entry and detainer action is a special proceeding. McCarty v. Evans, Jackson App. No. 02CA17, 2003-Ohio-1522, ¶ 8, citing Colombo Enterprises, Inc. v. Fegan (Apr. 12, 2001), Cuyahoga App. No. 78041 and Bryant v. Dale (Sep. 10, 1999), Lawrence App. No. 98CA36. See, also, Crabtree v. Taylor, Lawrence App. No. 06CA6,2006-Ohio-1760, ¶ 5. However, Daniels did not appeal the judgment involving Thomas's action. Daniels appealed from the judgment involving the real estate dispute, which was recognized at common law. See, generally, In re Estate of Pulford (1997), 122 Ohio App.3d 88, 91
(noting that "[t]he common law courts, a part of the royal judicial system, decided cases involving the distribution and use of real property."). Therefore, the judgment appealed does not involve a special proceeding. Consequently, we must determine if the judgment Daniels appealed "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" *Page 5 
 {¶ 9} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756, 758.
 {¶ 10} Here, the court resolved all the issues in Daniels' third party claim. Therefore, the judgment Daniels appealed affects a substantial right in an action that in effect determines the action and prevents a judgment. Consequently, Daniels complied with R.C. 2505.02. However, Daniels must comply with R.C. 2505.02 and Civ.R. 54(B).
 {¶ 11} When an action includes multiple claims or parties, Civ.R. 54(B) provides that an order disposing of fewer than all of the claims or rights and liabilities of fewer than all of the parties remains interlocutory unless the order contains an express determination that there is "no just reason for delay." Noble v. Colwell (1989),44 Ohio St.3d 92, 96; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, syllabus.
 {¶ 12} Here, as we stated earlier, the trial court did not resolve all the claims in Thomas's complaint against Harmon. The judgment Daniels appealed did not include the "no just reason for delay" language. Therefore, the trial court did not comport with Civ.R. 54(B). Consequently, Daniels did not appeal a final, appealable order.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1