[Cite as *Discover Bank v. Fine*, 2014-Ohio-4855.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

DISCOVER BANK

     Plaintiff-Appellee

v.

SCOTT D. FINE

     Defendant-Appellant


Appellate Case No.    2014-CA-13

Trial Court Case No.   14-148


(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of October, 2014.

. . . . . . . . . . .

RAYMOND F. MOATS, Atty. Reg. No. 0071791, 3705 Marlane Drive, Grove City, Ohio 43123
     Attorney for Plaintiff-Appellee


SCOTT D. FINE, 312 East North Street, Piqua, Ohio 45356
     Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   In this case, Defendant-Appellant, Scotty Fine, appeals pro se from an entry transferring his case from the Miami County Common Pleas Court to the Miami County Municipal Court.   Fine contends that the trial court erred by transferring his case to municipal court rather than granting his motion to dismiss the case.

{¶ 2}   We conclude that we lack jurisdiction over Fine's appeal, due to lack of a final appealable order.   Accordingly, this matter will be dismissed for lack of jurisdiction.

## I.   Facts and Course of Proceeding

{¶ 3}   On March 25, 2014, Plaintiff-Appellee, Discover Bank, filed a complaint in Miami County Common Pleas Court against Defendant-Appellant, Scotty Fine.   The complaint alleged that Fine had defaulted on the terms of a Discover charge agreement, and that he owed Discover Bank the sum of $7,174.82.   Fine filed an answer on April 21, 2014, denying the allegations in the complaint.   Fine also filed a motion to dismiss the complaint, based on the fact that the amount in controversy was less than the jurisdictional limits of the common pleas court.

{¶ 4}   Instead of granting or denying the motion to dismiss, the trial court transferred the case to the Miami County Municipal Court, pursuant to an agreement between the courts for transfer of cases to municipal court when the monetary value of the case does not exceed $15,000.   Fine appeals from the order transferring the case.

## II.   Did the Trial Court Err in Granting Transfer?

**{¶ 5}** In support of his appeal, Fine raises the following assignment of error, which is recited verbatim:

The Common Pleas Court Did Error [sic] by Transferring Case to Municipal Court Rather than Granting Motion to Dismiss which Was Before It.

**{¶ 6}** Under this assignment of error, Fine contends that the trial court should have dismissed the case pursuant to Civ.R. 41(A)(4)(a), rather than transferring the case to the municipal court. Fine contends that the transfer deprived him of the opportunity to conduct the beginning of his defense, which would have included asking the assigned municipal judge not to hear the case.

**{¶ 7}** Prior to ruling on the merits of Fine's appeal, we will consider whether the order transferring the case is a final appealable order. Notably, we can raise the issue of subject matter jurisdiction on our own motion. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, ¶ 97 (2d Dist.), citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). Furthermore, "[w]hen we decide if an order is final and appealable, we do not consider what the trial court might have done, nor do we look at the merits of the appeal." *Jetter v. Abbott*, 2d Dist. Montgomery No. 17888, 2000 WL 1072338, *2 (July 31, 2000).

**{¶ 8}** R.C. 2505.02(B) provides that orders are final orders that may be reviewed when they fall within one of the following categories:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or

upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * * or any changes made by Sub. S.B. 80 of the 125th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 9}    In *Jetter*, we considered whether an order transferring a case from the Montgomery County Court of Common Pleas to the Greene County Court of Common Pleas was a final appealable order.   The transfer was based on the jurisdictional priority rule, which holds, with certain exceptions, that a court first obtaining in personam jurisdiction has the ability to proceed to the exclusion of other courts.  *Id.* at *1.  We analogized the trial court decision on

this point to a venue transfer, and concluded that the only potential basis for construing the order as a final appealable order would be R.C. 2505.02(B)(4), which permits appeal of orders granting or denying a provisional remedy. *Id.* at \*3-4.

{¶ 10}   However, we concluded that "the remaining prong of R.C. 2505.02(B)(4) is not satisfied, since the appealing party is afforded an effective remedy by way of appeal after final judgment. In this regard, we note that [appellants] have not given us a reason why they cannot effectively appeal the venue decision after final judgment." *Id.* at \*4, citing *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 173, 712 N.E.2d 742 (1999). As a result, we dismissed the appeal for lack of jurisdiction. *See, also, Patel v. Nilvi*, 8th Dist. Cuyahoga No. 88624, 2007-Ohio-3082, ¶ 9 (holding that the transfer of a case from municipal court to common pleas court "does not foreclose effective relief for [the plaintiff-appellant] in the absence of immediate review of the order. The only effect the order has on his claim is a change in forum from the municipal court to the common pleas court. The order does not affect [plaintiff's] right to evict the [defendants-appellees] and neither his claim nor his remedy have been extinguished." )

{¶ 11}   In the case before us, the only effect the order has on Fine's case is a change in forum, and we see no reason why Fine cannot effectively appeal the transfer order or any other orders affecting his rights following final judgment. Accordingly, this case must be dismissed for lack of a final appealable order. Furthermore, because this ruling disposes of the appeal, Fine's assignment of error is moot.

III.   Conclusion

{¶ 12}    Based on the preceding discussion, the appeal is dismissed, for lack of jurisdiction.   It is so ORDERED.

. . . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Raymond F. Moats
Scott D. Fine
Hon. Robert J. Lindeman