**STATE ex STEWART v
MILLER, Judge, etc et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2275. Decided March 16, 1933

T. J. Hartley, Columbus, and W. S. Page, Columbus, for plaintiffs.

Mark E. Evans, Columbus, and Jacob H. Wirick, for The Columbian B. & L. Assn.

HORNBECK, PJ.

No answer appears of record in this court and the case is submitted on certain facts, together with the pleadings and original papers in case No. 136,091, Common Pleas Court of Franklin County, Ohio, and in case No. 186,621, the Municipal Court of the city of Columbus.

An examination of the action in the Municipal Court discloses that it was an action in forcible entry and detainer with a second cause of action for money claimed to be due for rent. The judgment entry discloses that the action of the court was not invoked or in any event exercised respecting the second cause of action. So

that the cause proceeded and was determined upon the sole question of the right of possession as between the plaintiff, The Columbian Building and Loan Company and the plaintiff in this action, Ruth Stewart.

The petition of Ruth Stewart, plaintiff v The Columbian Building and Loan Company et, in the Court of Common Pleas, avers that under the contract between the Hampton Investment Company and Thomas J. Hartley, of which contract the plaintiff is assignee, she entered upon the premises under the contract and agreed to pay the sum of $3600.00 (less certain credits paid by Mr. Hartley) at the rate of $36.00 per month; that in addition to payments made by Mr. Hartley she had invested in necessary improvements on the property $1050.00, and had occupied the premises since July 10, 1931; that by reason of the amount of money she has invested in the property she has an **equitable interest** in said property which she desires to be determined by the court. She then avers that on the 6th day of October, 1932, she was served with a written notice signed by The Columbian Building and Loan Company, notifying her to vacate the premises and threatening proceedings to evict her to obtain possession. She further avers that The Columbian Building and Loan Company is not the legal title holder to said premises; that the only title of the Columbian to said property is that of mortgagee. She avers that if the Columbian is allowed to take possession and evict the plaintiff she will suffer irreparable injury.

The prayer seeks to quiet plaintiff's title, ownership, and interest in the premises under the contract which she held by assignment from Mr. Hartley and for an injunction against the defendants to prevent them taking any action to oust the plaintiff, and that she be protected in whatever interests and rights she may have in the property by reason of the improvements placed thereon.

No temporary restraining order was issued. The sole question presented on this record is whether or not the Court of Common Pleas of Franklin County took jurisdiction by reason of case No. 136,091, of the same subject matter involved in the forcible entry and detainer suit in Municipal Court.

We are of opinion that upon careful analysis of the averments of the petition in the Common Pleas Court there appears no conflict in jurisdiction of the subject matter. The relief to which plaintiff is entitled under her petition in the Court of Common Pleas must be based upon the averments of her petition. No matter how comprehensive the prayer of the petition may be it can not extend beyond the limits of the relief which could be accorded to the plaintiff under the averments in the body of her petition. She alleges that the Columbian Building and Loan Company is not the legal title holder to the premises, but she does not claim to hold any legal title whatever. On the contrary, she avers that her interest is equitable only and asks that it be determined. The action in forcible entry and detainer is purely legal in character and relates only to the right of possession between the plaintiff and the Columbian. There is nothing whatever in this record to indicate that should all the relief to which the plaintiff is entitled in the Common Pleas Court be granted to her the property in question would not be of sufficient value to satisfy any finding which might be made in her behalf. And this may be true without determination of her right of possession. On the other hand the mere fact that in a legal action to secure possession of the premises in the Municipal Court a judgment has been entered against her and in behalf of the Columbian, would not necessarily jeopardize or extinguish any favorable action to which she is entitled in her suit in Common Pleas Court. The Court of Common Pleas has not intervened to enjoin any action by the defendants against the plaintiff and there is presented no question of interference with any order of the Common Pleas Court.

But it is urged that the defendant, The Columbian Building and Loan Company, having answered in Common Pleas Court, thereby invoked the action in that court on the same subject matter involved in the cause in Municipal Court. We do not so interpret the pleadings.

Upon the general denial of the answer there is brought to the issue only that subject matter which is the subject of the petition of the plaintiff. We have heretofore discussed the subject matter thus drawn into controversy in Common Pleas Court. On the cross-petition and particularly the first cause of action thereof, the Columbian seeks a money judgment for the balance of the purchase price due under the contract, Exhibit "A." By the terms of this contract the Columbian had the right, upon default in payment of installments due to declare the whole of the balance of the purchase price due. By the first cause of action of the cross-petition

it elected so to do. This presents a very nice question of election of remedies in Municipal Court and in Common Pleas Court. In Municipal Court it would seem that the Columbian elected to take possession of the premises. In Common Pleas Court it elected to declare all payments due under the contract to be due and payable. Quaere—whether or not the Columbian can have the real estate and also the balance due on the purchase price of the real estate. But the Columbian did not invoke action of the Common Pleas Court upon this phase of the contract until it filed its cross-petition in Common Pleas Court, of date November 23, 1932. This is the time when the Columbian's first cause of action had its inception. The action of the Columbian in Municipal Court upon the remedy of eviction of plaintiff was invoked as of date October 24, 1932, and, therefore, had priority, if there be any conflict on this question of jurisdiction.

The inconsistency in choice of remedies and its effect upon the rights of the Columbian may be set up and adjudicated by the plaintiff in her answer to the first cause of action of the Columbian in Common Pleas Court.

The second cause of action of the defendant, The Columbian Building and Loan Company, is for money due for unpaid taxes and assessments against the real estate in question in the sum of $192.07 with interest. This presents no conflict of jurisdiction.

For the reasons assigned the writ of prohibition will be denied.

KUNKLE and BARNES, JJ, concur.