LOBO *v.* HOELSCHER.

(No. 75-CV-G17—Decided June 19, 1975.)

Municipal Court of Dayton.

*Mr. Joseph M. Allen,* for plaintiff.
*Mr. Daniel R. Wilson,* for defendant.

MEAGHER, J. This case came before the court upon the motion of the plaintiff to dismiss the defendant's counterclaim. A hearing was held on April 16, 1975. No evidence was introduced at said time but a review of the pleadings and plaintiff and defendant's memoranda reveal the following: The plaintiff, on January 7, 1975, filed a complaint demanding restitution of the premises in which the defendant was living and also for past due rents. On January 24, 1975, the defendant appeared in the Dayton Municipal Court, Civil Division, pursuant to summons. The civil summons served on the defendant advised her:

"Unless an answer is served upon the plaintiff or upon his attorney by you within *twenty-eight (28) days* after this service is made upon you and a copy of this answer is filed in the office of the clerk of this court within three (3) days after that service, the complaint of said plaintiff will be taken as true and judgment will be rendered against you accordingly." (Emphasis added.)

When the defendant appeared on January 24, 1975, her attorney, Daniel R. Wilson, requested a continuance pursuant to R. C. 1923.081 in order to file an answer and counterclaim. The court at that time overruled the defendant's motion and granted the plaintiff's request for a writ of restitution. R. C. 1923.081 provides as follows:

"A trial on an action in forcible entry and detainer for residential premises pursuant to Chapter 1923 of the Revised Code may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, *unless for good cause shown the court continues the same. For purposes of this section, good cause includes the request of the Defendant to file an answer or counterclaim to the claims of the plaintiff* or for discovery in which case the proceeding shall be the same in all respects as in other civil cases. If at the time of the trial, the defendant has filed an answer or counterclaim, the trial may proceed on the claims of the plaintiff and the defendant." (Emphsis added.)

On February 4, 1975, within the time allowed by the Rules of Civil Procedure, the defendant filed an answer and counterclaim against the plaintiff herein. On February 12, 1975, the plaintiff herein filed a motion to dismiss defendant's counterclaim for the reason that it failed to state a claim and the subject matter contained therein was *res judicata.*

The defendant in her memorandum in opposition to plaintiff's motion to dismiss concedes that the restitution of the premises cause of action was resolved at the initial appearance on January 24, 1975. The only issues remaining are the question of plaintiff's second cause of action demanding money damages and defendant's counterclaim demanding damages.

Ohio's new Tenant-Landlord Act which became effective on November 4, 1974, changed both the substance and procedure of the tenant-landlord practices in Ohio courts. In addition, it amended the forcible entry and detainer statutes contained in R. C. Chapter 1923.

R. C. Chapter 5321 specifies the respective rights, reme-

dies and duties of landlords and tenants. The act in substance changed the tenant-landlord relationship from a simple conveyance of an interest in real estate into a contractual relationship. As in all contracts, the parties have mutual and independent obligations and various remedies for breaches of the contract.

The issue presented by plaintiff's motion to dismiss is whether or not R. C. Chapter 5321, and more specifically R. C. 5321.07, requires tenants to give written notice to landlords alleging violations of their contractual agreement or failing to do so, suffer the consequences of being denied the right to raise defenses and all counterclaims against the landlord after an action for restitution of the premises and damages has been filed.

R. C. 5321.07 sets out a procedure wherein a tenant after giving notice to a landlord that the tenant reasonably believes that the landlord has failed to fulfill certain obligations, etc. and the landlord fails to correct same within a reasonable time, but no more than 30 days after notice, the tenant is permitted to do one of the following:

1) Deposit the rent with the Clerk of Court;

2) ask the court for an order directing the landlord to remedy the defect; or in the alternative, allow the defendant to use rent monies to repair same; or

3) terminate their rental agreement.

In the within case, the defendant-tenant did not avail herself of the procedures set out in R. C. 5321.07. This court, however, believes that the defendant did not therefore waive her right to file an answer and/or counterclaim to plaintiff's action for restitution of the premises and monetary damages.

R. C. 5321.07(A) states that a tenant *may* give written notice. The language is clearly not mandatory and certainly does not require the action requested by plaintiff herein. Instead, the section creates an additional right wherein a tenant may seek to address a dispute with the landlord without as in the past being evicted forthwith.

Furthermore, R. C. 5321.12 states:

"In any action under Chapter 5321 of the Revised Code,

any party may recover damages for the breach of contract or the breach of any duty that is imposed by law.''

In addition, R. C. 5321.03(B) states:

''The maintenance of an action by the landlord under this section does not prevent the tenant from recovering damages for any violation by the landlord of the rental agreement or Section 5321.04 of the Revised Code.'' (Obligations of landlord.)

The defendant-tenant alleged in her counterclaim that plaintiff-landlord had violated R. C. 5321.04(A) (1), (2) and (4). A tenant's remedies are not limited to those set out in R. C. 5321.07. The tenant's right to file a separate lawsuit or a counterclaim in any pending action, including a restitution of the premises suit by the landlord, based on the alleged breach by the landlord of the rental agreement is not affected by the fact that the defendant-tenant did not allege any breach of the contract until after the plaintiff had filed a cause of action for restitution of the premises.

The court will also take note of R. C. 1923.061 (A):

''Any defense in an action under Chapter 1923 of the Revised Code may be asserted at trial.''

Section 1923.061 (B):

''In an action for possession of residential premises based upon nonpayment of the rent or an action for rent when the tenant is in possession, the tenant may counterclaim for any amount he may recover under the rental agreement or under Chapter 5321 of the Revised Code. In that event the court from time to time may order the tenant to pay into court all or part of the past due rent and rent becoming due during the pendency of the action. At the trial and judgment, the party to whom the net judgment is owed shall be paid first from the money paid into court, and any balance shall be satisfied as any other judgment. If no rent remains due after application of this division, judgment shall be entered for the tenant in the action for possession. If the tenant has paid into court an amount greater than necessary to satisfy the judgment obtained by the landlord, the balance shall be returned by the court to the tenant.''

50

The tenant therefore has the right at the appearance call on the plaintiff's cause of action for restitution of the premises to request a continuance in order to file an answer and counterclaim. The court, at that time could have ordered the defendant-tenant to pay rent into the clerk of court until the matter was disposed of entirely on the merits. Since, however, the defendant has conceded her position regarding the restitution of the premises, the only issue remaining to be determined is the merits of plaintiff's second cause of action and defendant's counterclaim.

*Motion to dismiss counterclaim overruled.*