SMITH, APPELLEE, *v.* WRIGHT, APPELLANT.

[Cite as Smith v. Wright (1979), 65 Ohio App. 2d 101.]

(No. 39952—Decided July 26, 1979.)

*Mr. R. M. Kaufman,* for appellee.

*Mr. Thomas W. Weeks,* for appellant.

KRUPANSKY, J.    On August 30, 1978, Willie J. Smith, appellee herein, filed a forcible entry and detainer action against Curtis Wright, appellant herein, in Cleveland Municipal Court for nonpayment of rent. As his second cause of action, Smith alleged Wright owed him $120 back rent. The action was referred to a referee and a hearing was had on September 20, 1978. Both parties were present; however, only Smith was represented by counsel.

Smith testified as to the back rent due him and that he had given Wright appropriate notice to vacate the premises.

Wright testified he had not paid his rent because of defects in the premises, particularly roach infestation.

Upon determining that Wright had not deposited his rent with the clerk of courts prior to the filing of the eviction suit, the referee stated the conditions of the premises were not at issue. Thereafter, he did not permit further testimony concerning those conditions.

Neither party received a copy of the referee's report, nor is there such a report in the record before this court. The trial court journalized its judgment for Smith on September 20, 1978, as follows:

"Action referred to Myles F. Gallagher, Referee, for trial and decision of all the issues of law and fact in the action. Plaintiff in court; defendant also; trial had. Defendant found guilty as charged herein. Referee's report is hereby approved and confirmed and judgment is therefore rendered for plaintiff and for the costs of this proceeding."

Appellee filed a writ of restitution on the same day.

On September 29, 1978, appellant filed his notice of appeal. On October 2, 1978, appellant was granted a stay of execution pending appeal.

On October 10, 1978, appellant filed an answer and counterclaim to appellee's second cause of action in the original complaint, alleging appellee breached his duties under R. C. Chapter 5321 by failing to provide a safe, sanitary, and habitable dwelling, and requesting $2,000 damages. On October 17, 1978, appellee filed an answer to appellant's counterclaim denying any breach of legal duty. Thereafter, no further action was taken by the trial court or the parties.

On appeal, appellant assigns the following errors:

"I. The trial court erred in refusing to allow the defen-

dant/tenant to defend on the basis that the plaintiff/landlord had breached his duties under Chapter 5321, Ohio Revised Code.

"II. The trial court erred in failing to comply with Rule 53, Ohio Rules of Civil Procedure, in that: (a) the referee's report provided no information upon with [*sic*] the judge could base his decision; (b) no copy of the referee's report was mailed to the parties; (c) judgment was entered on the day of the referee's hearing."

I.

Although forcible entry and detainer is a summary proceeding and a suit for damages is a regular civil proceeding, the joinder of these two causes of action is specifically provided for by R. C. 1923.081.[1] The original complaint filed below charged two causes of action, the first being an action in forcible entry and detainer, and the second being an action for back rent due.

However, the September 20, 1978, judgment of the trial court determined only the first cause of action, *i.e.,* forcible entry and detainer. It could not have determined the claim for back rent since the 28 days allotted by Civ. R. 12(A)(1) for answering a complaint had not yet run at that time. The trial court could not enter judgment in the matter prior to the answer date. If appellant had filed an answer to the claim for back rent prior to the trial for forcible entry and detainer, the trial court could have proceeded to determine both issues at the one hearing. R. C. 1923.081.

Although appellant's answer and counterclaim were filed beyond the 28-day time limit, appellee did not object below and further filed an answer to the counterclaim. Therefore, the second cause of action, *i.e.,* appellee's claim for back rent, as well as appellant's counterclaim, are still pending below and

---

[1] R. C. 1923.081 reads as follows:

"A trial on an action in forcible entry and detainer for residential premises pursuant to Chapter 1923 of the Revised Code may also include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement, unless for good cause shown the court continues the same. For purposes of this section, good cause includes the request of the defendant to file an answer or counterclaim to the claims of the plaintiff or for discovery, in which case the proceedings shall be the same in all respects as in other civil cases. If, at the time of the trial, the defendant has filed an answer or counterclaim, the trial may proceed on the claims of the plaintiff and the defendant."

this court cannot address any questions directed towards those issues. The only issue before this court is the eviction action; therefore, the court will address only those issues which pertain to the eviction action.[2]

The Ohio Landlords and Tenants Act, R. C. Chapter 5321, which became effective November 4, 1974, now governs all rights, obligations, and remedies between landlords and tenants in this state. *Laster* v. *Bowman* (1977), 52 Ohio App. 2d 379, 382. The issue to be determined in the instant case requires a clarification as to what constitutes a *defense* to an eviction proceeding for nonpayment of rent and what constitutes a tenant's *claim or counterclaim* under the new Act, specifically with regard to the condition of residential property. Therefore, a review of relevant portions of the Act is necessary to clarify these matters.

The obligations of a landlord are set forth in R. C. 5321.04. The particular obligation relevant herein is the landlord's responsibility to put and maintain the premises in a fit and habitable condition. R. C. 5321.04(A)(2).

---

[2] Ordinarily, in the absence of an express determination that there is no just reason for delay, an adjudication of fewer than all the claims presented in a civil action is not a final judgment and is therefore not appealable since such judgment is subject to revision at any time before judgment adjudicating all the claims. Civ. R. 54(B). However, the Civil Rules do not apply to an action in forcible entry and detainer to the extent that they would by their nature be clearly inapplicable. Civ. R. 1(C)(3). This court has previously held that a "rule is 'clearly inapplicable' if it would defeat the purpose of forcible entry and detainer by failing to permit a speedy, summary method to recover the possession of real estate. *Carrol* v. *O'Connor,* 25 Ohio St. 617 (1874)." *Litoff* v. *D. H. Overmyer Co., Inc.* (Cuyahoga Co. Ct. of Appeals No. 32989, 1974), unreported.

Although R. C. 1923.081 specifically provides for the joinder of an eviction action with actions for past due rent and other damages under a rental agreement, this statute was not meant to alter the summary nature of eviction proceedings. If, at the time of the eviction hearing the defendant has filed an answer or counterclaim, the court may proceed to dispose of all matters. However, where a continuance is required to enable a defendant to file an answer and counterclaim or for discovery, the proceedings on the secondary causes of action (*i.e.,* those for back rent and damages) shall go forth in all respects as in other civil cases. This does not affect the court's right to determine the eviction action at the original hearing. R. C. 1923.081.

To consider an adjudication in an eviction proceeding as an interlocutory order until the eventual disposition of companion civil proceedings for damages would all but destroy the summary nature of forcible entry and detainer. Therefore, Civ. R. 54(B) is clearly inapplicable to an action in forcible entry and detainer, and does not bar the instant appeal.

Where a landlord fails to fulfill this obligation, a tenant may give notice in writing to the landlord specifying the derelict conditions. R. C. 5321.07(A). If the landlord fails to remedy the unfit conditions of the premises within a reasonable time or within thirty days, whichever is sooner, and *if the tenant is current in rent payments due,* the tenant may do one of the following:

(1) The tenant may deposit all rent that is due and thereafter becomes due with the appropriate clerk of courts. R. C. 5321.07(B)(1).

(2) The tenant may apply to the court for an order directing the landlord to remedy the condition, and for an order reducing the periodic rent due until the condition is remedied. In any order issued *pursuant to this section,* the court may require the tenant to deposit his rent with the court. Thus, if a tenant applies to the court for an order directing his landlord to remedy the conditions of the premises but does not voluntarily deposit his rent with the court, the court may require him to do so. R. C. 5321.07(B)(2).

(3) The tenant may "[t]erminate the rental agreement." R. C. 5321.07(B)(3).

A tenant may bring an action against his landlord and recover *damages* for the landlord's breach of any duty imposed by R. C. Chapter 5321 or by the rental agreement. Furthermore, when a landlord initiates an action under the Act, a tenant may *counterclaim for damages* caused by the landlord's breach of duty. R. C. 5321.12

The new Act specifically retains a landlord's right to bring an action for forcible entry and detainer to recover possession of the premises *if the "tenant is in default in the payment of rent"* (R. C. 5321.03[A][1]), as well as for other enumerated reasons (R. C. 5321.03[A][2], [3] and [4]). In such an action, a tenant may assert any *defense valid in an eviction proceeding.* R. C. 1923.061. R. C. 1923.061, effective November 4, 1974, was specifically enacted to complement R. C. Chapter 5321.

Furthermore, when a landlord sues for eviction for non-payment of rent or sues for back rent due, the tenant may *counterclaim* for any breach of duty owed him by the landlord. R. C. 1923.061(B).

A landlord may not evict a tenant in retaliation for the tenant's having complained either to an appropriate govern-

mental agency or to the landlord himself concerning the conditions of the premises. R. C. 5321.02(A).

Use by a landlord of an eviction action as retaliation may be asserted by the tenant *as a defense to the eviction proceeding.* R. C. 5321.02(B)(1).

However, retaliation as a defense in an eviction proceeding will be of no avail to a tenant who is *in default in the payment of his rent.* R. C. 5321.03(A)(1). An action in forcible entry and detainer will lie against such a tenant notwithstanding R. C. 5321.02, which is specifically subject to a landlord's rights under R. C. 5321.03.

Even where a tenant, by virtue of being in default of his rent, cannot raise retaliation as a *defense,* he may recover *damages* for any violation by the landlord of his duties, including the landlord's failure to properly maintain the premises. R. C. 5321.03(B). Such a claim for damages made by the tenant would be in the form of a *counterclaim to the eviction action.* R. C. 1923.061.

## II.

In his first assignment of error appellant contends the trial court erred by refusing to admit testimony concerning the conditions of the premises, absent a showing that appellant had deposited his rent with the court. For reasons heretofore enumerated, this court will deal only with the propriety of the trial court's refusal to admit this evidence in defense of the eviction action, and not with respect to the action for back rent and appellant's counterclaim.

No written answer is contemplated in a claim of forcible entry and detainer. Therefore, when appellant appeared to defend below, he should have been allowed to assert at trial any legal *defense* he had to the eviction action. R. C. 1923.061(A); *Lauch* v. *Monning* (1968), 15 Ohio App. 2d 112. Examples of *traditional* defenses to an eviction action for nonpayment of rent are: (1) A tenant's rightful possession under a contract of purchase, see *Huddleston* v. *Ward* (1946), 46 Ohio Law Abs. 225; (2) A tenant's right to possession, pursuant to tender or payment of rent, *Hoover* v. *Israel* (1946), 45 Ohio Law Abs. 490; and (3) A tenant's right to possession pursuant to late payment of rent when such is the established course of conduct by the parties, *Finkbeiner* v. *Lutz* (1975), 44 Ohio App. 2d 223.

Since an action in forcible entry and detainer relates only to the right of possession, *State, ex rel. Stewart,* v. *Miller* (1933), 14 Ohio Law Abs. 627, 629, these traditional defenses to an eviction proceeding which may still be raised pursuant to R. C. 1923.061(A) relate to the tenant's right to remain in possession.

Besides these traditional defenses to an action in forcible entry and detainer, the new Landlords and Tenants Act creates two additional *new* defenses, namely: (1) A landlord's unlawful retaliatory act as set forth in R. C. 5321.02; and (2) A tenant's having deposited his rent with the clerk of the appropriate court pursuant to R. C. 5321.07. It should be noted that the traditional defenses to an eviction proceeding for the nonpayment of rent are all founded *on the payment of rent* under a rental agreement or possession pursuant to a contract of sale. Furthermore, as previously set forth, the two newly created statutory defenses to an eviction action are also available only to a tenant who is not in default in his rental payments.

Where a tenant has not taken advantage of his right to deposit rent with the court pursuant to R. C. 5321.07, but files a counterclaim against his landlord in the eviction proceeding, the court *in its discretion may* order the tenant to pay into court all or part of the past due rent and rent becoming due during the pendency of the proceeding. If, after trial and judgment, no rent remains due over and above the amount already deposited into court, the tenant is entitled to retain possession of the premises. R. C. 1923.061(B).

Application of R. C. 1923.061(B) is basically a court-imposed version of R. C. 5321.07, which may save a tenant's right to possession. The use of such a court order, however, is clearly discretionary with the trial court, to be used if and when the trial court deems it appropriate. Furthermore, a tenant cannot complain, as appellant does herein, that the trial court should have ordered him to pay his rent into court in order to preserve his right to possession. A tenant always has the option of voluntarily depositing his rent pursuant to R. C. 5321.07. To hold that the court must order every tenant who alleges a possible counterclaim in an eviction proceeding to pay his rent into court in order to preserve his right to possession of the premises would tend to destroy the summary

nature of eviction proceedings. The right to possession would in every case be determined only after a trial on all claims and counterclaims, which, like other civil proceedings, can be quite prolonged. As heretofore mentioned, the legislature did not intend to destroy the summary nature of eviction proceedings when it enacted the new Landlords and Tenants Act.

Despite the recent statutorily imposed changes in the landlord-tenant relationship, we do not find that the unfit condition of residential premises, in and of itself, is a matter of *defense* in a claim for forcible entry and detainer, although such conditions may prompt the utilization of the two defenses created by the new Act. Although such conditions may give rise to a claim or counterclaim by the tenant for damages or a reduction in the amount of rental payments due, these claims and counterclaims do not affect the right to possession of the premises, which is the issue to be decided in forcible entry and detainer.

Although the new Landlords and Tenants Act is somewhat unclear in its handling of defenses and counterclaims, we believe this theory to be the sounder approach. A thorough review of the Act leads us to conclude that the unfit condition of the premises is a matter of counterclaim and not a matter of defense in a forcible entry and detainer action unless R. C. 5321.02 (retaliatory conduct of landlord prohibited), R. C. 5321.07 (notice to remedy conditions), and/or R. C. 1923.061(B) are applicable.

Although the legislature clearly intended to create various new rights for tenants by enacting the new Act, the legislature clearly did not intend to destroy the right of landlords to quickly regain possession of their property when a tenant wrongfully retains possession, the vehicle for this right being an action in forcible entry and detainer. The Act does not create a right for a tenant to remain in possession without paying his rent, either to his landlord or into court, which presumably will protect any right the landlord has in those funds. The Act does create the right of tenants to recover damages from their landlord for the reduced value of their leasehold interest due to the unfit conditions of the premises, but it does not create a right for a tenant to live rent-free or to determine on his own the actual rental value of the premises as opposed to the agreed rental.

Therefore, in an action for forcible entry and detainer to determine the landlord's right to possession of the premises, the unfit condition of those premises can be in issue only if the tenant is *current in his rental payments* having paid them either directly to his landlord or having deposited them into court. Thus, in the instant case, the trial court properly excluded evidence of the unfit condition of the premises in an eviction proceeding where appellant admitted he was in default of his rental payments, and further, that he had not deposited his rent into court, where the court in its discretion did not order him to do so.

This theory is not inconsistent with *Lobo* v. *Hoelscher* (1975), 44 Ohio Misc. 46, cited by appellant, which held that a tenant's right to file a *separate lawsuit or a counterclaim* in a pending action, including an action for eviction, was not barred by the tenant's failure to invoke the rent withholding provisions of R. C. 5321.07. The instant case deals with defending an action for eviction and not with a tenant's right to assert a claim or counterclaim.

Nor is the theory inconsistent with *Clark Properties* v. *Hawk* (Franklin Co. Ct. of Appeals No. 76AP-490, December 21, 1976), unreported. In that case a landlord brought an eviction action to regain premises from a tenant who was in default of his rent. The tenant did not file any answer or counterclaim, but appeared at the hearing and offered evidence concerning the condition of the premises, *i.e.*, lack of heat making a portion of the premises unusable, and general disrepair, and also submitted evidence of his own expenses for paints and materials used on the premises. The trial court found for the tenant on his claims leaving a balance of $82.38 due for rentals. Since $82.50 had been tendered into court by the tenant, unlike the instant case where appellant never paid any money into court, the landlord's eviction action was dismissed. On appeal, the judgment of the trial court was reversed for the reason that the landlord was entitled to notice of the tenant's counterclaims prior to trial on those claims. Although the court in *Clark Properties, supra,* speculated as to the nature of the tenant's claims, stating that those claims relating to the conditions of the premises as to its uninhabitability may be considered as a defense to the eviction proceeding, the court later ruled the trial court erred in allowing

the tenant to assert hybrid defense and counterclaim matters at the trial.

As heretofore stated, the new Landlords and Tenants Act does indeed create many new rights and remedies for tenants. However, we feel it incumbent at this time in construing the Act to effectuate a reasonable balance in protecting landlords' rights as well as those of tenants, recognizing, of course, that the outcome of each case dealing with the Act will depend upon the individual facts presented therein.

Not only has the legislature made the courts the arbiter of landlord-tenant disputes, but it has also made the courts a type of escrow agent in order to protect the rights of both parties to these disputes. By placing the courts in this position, the Act secures a tenant's right to get that which he pays for, as well as securing a landlord's right to get paid for that which he gives. To accept appellant's construction of the Act, *i.e.,* that a trial court must consider a tenant's allegations of his landlord's breach of duty under R. C. 5321.04 in defense of an eviction action regardless of the status of the tenant's rental payments, or, restated, that a tenant may live rent-free until a court determination of any dispute he may have with his landlord, would be to totally disregard the legitimate rights of landlords. We do not believe the legislature intended such an outcome when it enacted the new Landlords and Tenants Act.

For the aforementioned reasons, appellant's first assignment of error is overruled.

In his second assignment of error appellant argues the trial court erred in entering judgment below without complying with Civ. R. 53. Appellant's assignment of error is well taken.

As held by this court in *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144, 146, the failure of a referee "to prepare and file a written report and recommendations and deliver a copy thereof to both parties or their counsel in accord with Civil Rule 53(E) renders the judgment of the trial court voidable." As in *Eisenberg, supra,* appellant herein has assigned the trial court's failure to follow the rule prior to entering judgment as error and the record establishes the error; thus, he is entitled to have the judgment of the trial court reversed and the cause remanded for further proceedings.

Appellant's second assignment of error is well taken.

The judgment of the trial court is reversed and the cause remanded for further proceedings in compliance with Civ. R. 53(E).

*Judgment reversed*
*and cause remanded.*

PARRINO, C. J., and DAY, J., concur.

DAY, J., concurring.  I concur in the judgment because of the disposition of Assignment of Error No. II. I defer opinion on the issues raised under Assignment of Error No. I until the lower court has had occasion to deal with those matters on remand.