[Cite as *Pinkney v. Brown*, 2011-Ohio-6262.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96245

PAMELA M. PINKNEY

PLAINTIFF-APPELLANT

vs.

RICKEY G. BROWN, ET AL.

DEFENDANTS-APPELLEES

JUDGMENT:
DISMISSED

Civil Appeal from the

Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. CP-D-333483

**BEFORE:** E. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANT**

Pamela M. Pinkney, pro se
P.O. Box 5672
Cleveland, Ohio 44101

**ATTORNEY FOR APPELLEES**

Rickey G. Brown, pro se
1959 Amelia Court
Miamisburg, Ohio 45342

EILEEN A. GALLAGHER, J.:

{¶ 1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Local App.R. 11.1.

{¶ 2} Rev. Pamela M. Pinkney ("Pinkney") appeals from the decision of the trial court, denying her motion for a domestic violence civil protection order. Pinkney argues that the trial court erred in failing to grant her a

civil protection order and that such error has placed her life and the lives of her four children at risk.   For the foregoing reasons, we dismiss the instant appeal.

{¶ 3}  On April 22, 2011, this court, sua sponte, struck Pinkney's appellate brief for failing to conform with the requirements of App.R. 16(A), which requires that each brief filed with this court  contain the following elements: (1) table of contents; (2) table of cases; (3) statement of assignments of error presented for review; (4) statement of issues raised by each assignment of error; (5) statement of the case; (6) statement of the facts; (7) individual argument with regard to each assignment of error; and (8) a brief conclusion stating precise relief sought.   This court granted Pinkney leave to file a conforming brief with the following warning language: "The failure to file a brief that complies with App.R. 16(A), which specifically raises cognizable assignments of error and supporting argument, will result in the dismissal of the appeal."

{¶ 4}  On June 14, 2011, Pinkney filed her revised brief.   While technically in compliance with the form requirements of App.R. 16(A), Pinkney's brief fails to state any cognizable assignments of error and does not contain any real legal argument.   Further, in putting forth this appeal, appellant fails to cite any legal authority for her claims, a failure that allows

this court to disregard her arguments. App.R. 12(A)(2); App.R. 16(A)(7); *State v. Martin* (July 12, 1999), Warren App. No. CA99-01-003, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowski v. State Farm Ins.,* Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

**{¶ 5}** Accordingly, Pinkney's failure to set forth a complying brief allows this court to dismiss the instant appeal. See *N. Coast Cookies v. Sweet Temptations* (1984), 16 Ohio App.3d 342, 476 N.E.2d 388.

Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
KENNETH A. ROCCO, J., CONCUR