[Cite as *Lake Metro. Hous. v. McFadden*, 2017-Ohio-2598.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| LAKE METROPOLITAN HOUSING AUTHORITY, | **:** | **O P I N I O N** |
| | **:** | |
| Plaintiff-Appellee, | **:** | **CASE NO. 2016-L-105** |
| | **:** | |
| - vs - | **:** | |
| | **:** | |
| ALAN MCFADDEN, | **:** | |
| Defendant-Appellant. | **:** | |
| | **:** | |

Civil Appeal from the Painesville Municipal Court, Case No. 2016 CVG 01261.

Judgment: Affirmed.

*Marshal M. Pitchford,* Roetzel & Andress, L.P.A., 209 South Main Street, Third Floor, Akron, OH 44308 (For Plaintiff-Appellee).

*Alan McFadden,* pro se, 162 South State Street, #5, Painesville, OH 44077 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Allen McFadden, pro se, appeals the judgment of the Painesville Municipal Court against him and in favor of appellee, Lake Metropolitan Housing Authority ("Lake"), on its complaint for forcible entry and detainer. At issue is whether this appeal is moot. For the reasons that follow, we affirm.

{¶2} On November 1, 2013, Lake and appellant entered a lease pursuant to which appellant leased from Lake a low-rent, government-subsidized apartment in

Painesville. The lease and federal regulations require tenants of such housing to attend an annual "recertification" meeting at which the tenant is required to provide current information regarding his income, employment, and family composition for use in determining whether the tenant remains eligible for low-rent housing.

{¶3} Appellant breached his lease and violated federal regulations by failing to attend his scheduled recertification meetings twice, first on July 13, 2016, and again on July 19, 2016. Lake gave appellant advance written notice of each meeting. Each notice stated that if appellant failed to attend, his tenancy could be terminated. Following appellant's failure to attend both meetings, on July 20, 2016, Lake sent him a written notice of termination of his lease. In this notice, Lake gave him 30 days until August 19, 2016, to cure this violation, and said if he failed to do so, his lease would terminate. Appellant failed to cure his violation. As a result, on August 24, 2016, Lake served appellant with written notice terminating the lease and advising him to vacate the property within three days. However, appellant failed to leave.

{¶4} On August 30, 2016, Lake filed a two-count complaint for eviction based on appellant's failure to attend his recertification meetings (Count One) and for damages arising from unpaid rent and physical damage to the property (Count Two).

{¶5} The court held an eviction hearing on September 15, 2016, at which both Lake and appellant appeared. Following the presentation of evidence, the trial court gave appellant another opportunity to attend a recertification meeting. The court instructed him to attend a third recertification meeting on September 19, 2016, and continued the eviction hearing to September 22, 2016.

2

{¶6} Appellant failed to attend the September 19, 2016 meeting. On September 22, 2016, Lake and appellant appeared for the continued eviction hearing. Due to appellant's failure to attend the recertification meeting, the trial court entered judgment, granting Lake restitution of the property and stating that Lake's claim for damages would remain pending. The trial court denied appellant's motion to stay.

{¶7} Appellant appeals the judgment. He does not, however, identify any assignments of error in his brief. Instead, he alleges: (1) the notices Lake sent him for the recertification meetings were untimely; (2) appellant should not have been required to submit his income information to Lake before his lease was renewed; (3) Lake used the eviction process "to extort" maintenance charges from him; (4) his request for an administrative hearing was "ignored and/or denied" by Lake; (5) the trial court held an eviction hearing, but did not allow him "to present his side of the issues or facts;" (6) the trial court improperly relied on "unproven statements and writings" Lake presented; and (7) the trial court and Lake denied him due process and equal protection.

{¶8} **I. MOOTNESS**

{¶9} After this appeal was filed, Lake stated in motions filed in this court that appellant was finally evicted on November 7, 2016, and this court noted in its December 19, 2016 judgment entry that appellant changed his address around that time. "[A] forcible entry and detainer * * * determines the right to immediate possession of the property and nothing else." *Seventh Urban, Inc. v. University Circle Property Development, Inc.,* 67 Ohio St.2d 19, 25, fn. 11 (1981). As a result, "'[o]nce the landlord has been restored to property, the * * * forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief

3

that may be granted." *Long v. MacDonald,* 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693, ¶8. Further, an appeal becomes moot where the tenant vacates the premises after he filed the appeal. *Witkowski v. Arditi*, 123 Ohio App.3d 26, 30 (7th Dist.1997). Moreover, where the case has become moot, the proper remedy is to affirm the trial court's judgment. *U.S. Sec. of HUD v. Chancellor*, 8th Dist. Cuyahoga No. 73970, 1999 WL 126170, *1-*2 (Feb. 25, 1999); *Witkowski, supra.* Here, since appellant has vacated the property, this appeal is moot.

**{¶10} II. FINAL JUDGMENT**

**{¶11}** Further, the fact that Lake's claim for damages remains pending does not affect the finality of the judgment. Although forcible entry and detainer is a summary proceeding (which does not require a responsive pleading) and a claim for damages is a regular civil action (which requires an answer), R.C. 1923.081 provides for the joinder of these two claims. *Shelton v. Huff*, 11th Dist. Trumbull No. 2012-T-0101, 2014-Ohio-1344, ¶20. Thus, Lake was authorized to assert both of these claims in the same complaint.

**{¶12}** However, as noted, the September 22, 2016 judgment determined only the first count (forcible entry and detainer), and, thus, Lake's claim for damages remained pending.

**{¶13}** Generally, in the absence of an express determination that there is no just reason for delay, an adjudication of less than all the claims presented in a civil action is not a final judgment and is therefore not appealable. Civ.R. 54(B). However, the Civil Rules do not apply to an action in forcible entry and detainer to the extent that they would by their nature be clearly inapplicable. Civ.R. 1(C)(3). A rule is "clearly

4

inapplicable" if it would defeat the purpose of forcible entry and detainer by failing to allow a speedy, summary method to recover possession of the property. *Smith v. Wright,* 65 Ohio App.2d 101, 104, fn. 2 (8th Dist.1979)

{¶14} Although R.C. 1923.081 provides for the joinder of an eviction action with actions for damages, this statute "'was not meant to alter the summary nature of eviction proceedings.'" *Shelton, supra,* quoting *Smith, supra.* This court in *Shelton, supra,* at ¶21, quoting *Smith, supra,* stated:

{¶15} "'If, at the time of the eviction hearing the defendant has filed an answer * * *, the court may proceed to dispose of all matters. However, where a continuance is required to enable a defendant to file an answer to the claim for damages, the proceedings on the secondary causes of action * * * for * * * damages * * * shall go forth * * * as in other civil cases. This does not affect the court's right to determine the eviction action at the original hearing.'"

{¶16} Further, the Eighth District in *Smith, supra,* stated:

{¶17} "To consider an adjudication in an eviction proceeding as an interlocutory order until the eventual disposition of companion civil proceedings for damages would all but destroy the summary nature of forcible entry and detainer. Therefore, Civ.R. 54(B) is clearly inapplicable to an action in forcible entry and detainer, and does not bar the instant appeal." *Smith, supra.*

{¶18} Thus, the fact that Lake's claim for damages remained pending did not affect the finality of the court's judgment granting restitution of the property to Lake and did not preclude this appeal.

{¶19} **III. PROCEDURAL ERRORS**

{¶20} We note that appellant has failed to comply with several procedural requirements for a brief. Specifically, he failed to include a table of contents; a table of cases; *any assignments of error*; a statement of the case; a statement of facts; *any argument containing his contentions with respect to each assignment of error* and the

5

reasons in support of the contentions; or *any citations to authorities or parts of the record* on which he relies, in violation of App.R. 16(A)(1), 16(A)(2), 16(A)(3), 16(A)(5), 16(A)(6), and 16(A)(7).

{¶21} The Eighth District, in *Pinkney v. Brown*, 8th Dist. Cuyahoga No. 96245, 2011-Ohio-6262, ¶4, in addressing an appellate brief much like appellant's brief stated:

> {¶22} Pinkney's brief fails to state any cognizable assignments of error and does not contain any real legal argument. Further, in putting forth this appeal, appellant fails to cite any legal authority for her claims, *a failure that allows this court to disregard her arguments.* App.R. 12(A)(2); App.R. 16(A)(7) * * *. "*If an argument exists that can support this assigned error, it is not this court's duty to root it out.*" *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673[, 1998 WL 224934, *8] (May 6, 1998).  (Emphasis added.)

{¶23} Here, appellant's failures to comply with the foregoing Rules of Appellate Procedure are numerous and serious enough to allow this court to disregard the conclusory allegations made by appellant in his brief.

{¶24} **IV.  DOCUMENTS NOT IN THE RECORD**

{¶25} In addition, appellant attached to his appellate brief copies of various documents, which are not part of the trial court's record.  "[T]his court can only consider evidence contained in the record. The documents [attached to the appellant's appellate brief] will be struck from the record and will be disregarded by this court for purposes of appeal."  *Hvamb v. Mishne*, 11th Dist. Geauga No. 2002-G-2418, 2003-Ohio-921, ¶12. For this reason, the exhibits attached to appellant's brief are struck from the record and disregarded by this court.

{¶26} **V.  FAILURE TO FILE TRANSCRIPT**

6

{¶27} To add insult to injury, although appellant concedes that "he was given a hearing" at which evidence was presented, he failed to file a transcript of the hearing and it is thus not part of the record.

{¶28} "The duty to provide a transcript for appellate review falls upon the appellant because he or she has the burden of showing error by reference to the record." *Mtge. Electronics Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶27, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶29} "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Petry, supra*, quoting *Knapp, supra*.

{¶30} Because the transcript was necessary to resolve the allegations in appellant's brief and the transcript is omitted from the record, this court has no choice but to presume the validity of the lower court's proceedings and affirm.

{¶31} For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Painesville Municipal Court is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.