[Cite as *Kassem v. Barnes*, 2020-Ohio-4046.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NASSER KASSEM, | : | APPEAL NO. C-190539 |
| | | TRIAL NO. 16CV-25130 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| RONALD BARNES, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 12, 2020

*Stuart L. Richards*, for Plaintiff-Appellee,

*Albert T. Brown, Jr.*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} Defendant-appellant Ronald Barnes, the tenant, appeals the trial court's judgment, following a jury trial, in favor of plaintiff-appellee Nasser Kassem, the landlord, on his action for forcible entry and detainer, restitution of the premises and unpaid rent. Because the trial court erroneously prohibited Barnes from presenting the defense of retaliation to the eviction proceeding, we reverse the trial court's judgment and remand this matter for further proceedings.

I.

{¶2} Kassem filed a complaint for eviction and unpaid rent on November 14, 2016. Two weeks later, Barnes filed an answer generally denying the allegations of the complaint and asserting three counterclaims. Barnes did not plead specific supporting facts under these counterclaims nor did he request a specific amount of monetary damages in the prayer for relief. The first two counterclaims simply alleged that Kassem filed the eviction action in retaliation against Barnes. The third counterclaim only alleged that the tenant was owed "damages and attorney fees."

{¶3} Prior to trial, Kassem moved to dismiss Barnes's counterclaims, which the trial court granted. On the first day of trial, Barnes made an oral motion for leave to amend his counterclaims, which the court denied. During the trial, Kassem objected to Barnes's attempt to introduce evidence of retaliation. Barnes argued that although his counterclaims had been dismissed, that only meant that he could not be awarded monetary damages for Kassem's retaliatory conduct, but he could still introduce evidence of retaliation solely as a defense against the eviction. The trial court disagreed, noting that Barnes had not asserted retaliation as a defense in his answer filed with the court. Believing that Barnes now had no defenses to assert,

2

Kassem's trial counsel asked for judgment on the pleadings. Barnes then requested a continuance to answer the motion. The trial court denied the motion for a continuance, declared a mistrial and announced that she was recusing herself from the case. Later that same day, the trial court placed of record an entry dismissing the tenant's counterclaims, an entry declaring a mistrial and an entry recusing herself.

{¶4} Several days later, the trial judge placed of record an entry titled "Entry Granting Plaintiff's Motion to Dismiss Counterclaim." In this entry, the court reiterates that the tenant's counterclaims are dismissed, and that, therefore, the tenant is prohibited from introducing any evidence to establish that the landlord retaliated against the tenant by filing an action for eviction. On October 11, 2017, the trial court asked that the case be reassigned to a different judge.

{¶5} Prior to the start of the second trial before a different trial court, Barnes moved for leave to amend his answer and add six counterclaims. The trial court denied the motion and stated in the entry "[a]ll previous [m]otions are to remain as ruled on by [the prior trial judge]." On the first day of trial, the court reminded the parties that the tenant's counterclaims had been dismissed and that the tenant was not permitted to argue retaliation. At trial, Kassem testified that the rental rate was $550 per month under the rental agreement between the parties. The rental agreement was admitted into evidence. During the trial, Barnes maintained he owed no rent because the rental value of the property in its defective condition was zero; however, the trial court prohibited him from introducing evidence of the condition of the property.

{¶6} At the conclusion of the trial, the jury found in favor of Kassem, granting him restitution of the premises and awarding him $11,000 in unpaid rent. Barnes now appeals, asserting four assignments of error.

{¶7}    In the first assignment of error, Barnes contends that the original trial court erred by dismissing his counterclaims and denying his motion for leave to amend because, essentially, the effect of such action prohibited the tenant from presenting evidence of retaliatory conduct by the landlord.  In the second assignment of error, Barnes argues the trial court erred by journalizing an order prohibiting him from introducing any evidence of retaliation.  Finally, in the third assignment of error, Barnes argues that the "successor" trial court erred in denying his motion for leave to amend his answer and assert six counterclaims.  Again, under this assignment, the implication is that the trial court's denial of leave to amend resulted in in the tenant erroneously being denied the opportunity to present the defense of retaliation as well as additional counterclaims.  Because these three assignments ultimately have as their basis the trial court's decision prohibiting the tenant from introducing evidence of retaliation, we address them together.

{¶8}    In Ohio, "a landlord may not evict a tenant in retaliation for the tenant's complaint either to an appropriate governmental agency or to the landlord himself concerning the conditions of the premises." *Smith v. Wright*, 65 Ohio App.2d 101, 416 N.E.2d 665 (8th Dist.1979); R.C. 5321.02(A).  Therefore, use by a landlord of an eviction action as retaliation may be asserted by the tenant as a defense to an eviction proceeding, but only when the tenant has deposited his rent with the clerk of the appropriate court under R.C. 5321.07.  *Id.*  Additionally, the defense of retaliation need not be asserted in an answer before a tenant may use it as a defense in an eviction action.  No written answer is contemplated in a claim of forcible entry and detainer because, under Civ.R. 1(c), the rules of civil procedure are not applicable to such actions.  Therefore, when a tenant appears to defend an

4

eviction proceeding, he may assert any defense available to him without providing prior notice of such defense. *Smith* at 106; R.C. 1923.061(A).

{¶9} Here, the record demonstrates that Barnes had been depositing his rent with the Hamilton County clerk of court since the beginning of the eviction action. Therefore, Barnes should have been permitted to present a defense of retaliation under R.C. 5321.02 at trial, regardless of whether he had asserted retaliation as a defense in his answer or whether he had asserted a counterclaim for damages for the landlord's alleged retaliatory conduct. The trial court erred by prohibiting Barnes from presenting such evidence at trial.

{¶10} Barnes also argues that the trial court erred by denying his motions for leave to amend. We disagree. The decision whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶11} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." While the rule allows for liberal amendment, motions to amend pleadings under Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 706 N.E.2d 1261 (1999).

{¶12} Here, we cannot say that the court abused its discretion by denying the tenant's motions for leave to amend, as both were untimely. In the first instance, Barnes had filed his counterclaims well before the start of the jury trial, but only

asked for leave to amend the on the first day of trial and only after the landlord had moved to dismiss the counterclaims. *See Knotts v. McElroy,* 8th Dist. Cuyahoga No. 82682, 2003-Ohio-5937, ¶ 21 (motion for leave to amend was untimely when it was not filed until the appellee moved to dismiss the counterclaim and only filed one day before trial). With respect to Barnes's second request for leave to amend his answer and add six additional counterclaims, this was also untimely. Barnes had been aware of the facts supporting the counterclaims he was now trying to assert at the time Kassem had initially filed the eviction action, which was well over a year prior. Because of the undue delay in moving for leave to amend, we cannot say that the trial court acted unreasonably in denying these motions.

{¶13} To the extent that the trial court prohibited Barnes from introducing evidence of his defense of retaliation, we sustain the first, second and third assignments of error. In all other respects, we overrule these assignments of error.

{¶14} Finally, Barnes argues that the trial court erred by excluding evidence of the defective condition of the property in defense of the cause of action for unpaid rent. Although Barnes argues that this evidence demonstrates the reasonable rental value of the premises, this was never at issue at trial; the rental rate was at issue. The rental contract admitted into evidence supports Kassem's testimony that the parties had agreed to the rental rate of $550 per month. Accordingly, we hold the trial court did not abuse its discretion in excluding evidence of the alleged defective conditions of the property in defense of the claim for unpaid rent. *See State v. Sage*, 31 Ohio St.3d 173, 182, 510 N.E.2d 343 (1987). The fourth assignment of error is overruled.

{¶15} Because the trial court erred to the extent that it prohibited Barnes from introducing evidence of retaliation in defense of the eviction proceeding, we

reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**ZAYAS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.