[Cite as *Simpson v. Davenport*, 2024-Ohio-3373.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| THE SECRETARY OF VETERANS AFFAIRS, AND OFFICER OF THE UNITED STATES OF AMERICA, | CASE NOS. 2024-T-0012<br>2024-T-0013 |
| Plaintiff, | |
| NATHANIEL C. SIMPSON, SR. d.b.a. GLOBAL MILLENNIUM INC., | Civil Appeals from the<br>Court of Common Pleas |
| Plaintiff-Appellant, | Trial Court Nos. 2019 CV 01260<br>2022 CV 00269 |
| - vs - | |
| LISA G. DAVENPORT, a.k.a. LISA DAVENPORT, AS HEIR TO THE ESTATE OF WILBURN C. DAVENPORT, a.k.a. WILBURN C. DAVENPORT, JR., a.k.a. WILBURN DAVENPORT, et al., | |
| Defendant-Appellee. | |

## M E M O R A N D U M
## O P I N I O N

Decided: September 3, 2024
Judgment: Appeals dismissed

*Nathaniel C. Simpson, Sr.*, pro se, 1216 East Market Street, Warren, OH 44483 (Plaintiff-Appellant).

*Lisa G. Davenport*, pro se, 728 Wildwood Drive, N.E., Warren, OH 44483 (Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, Nathaniel C. Simpson ("Simpson") appeals the decision of the

Trumbull County Court of Common Pleas entering judgment in favor of appellee, Lisa G.

Davenport ("Davenport"), and thereby dismissing Simpson's complaint seeking to enforce a mechanic's lien on property partially owned by Davenport. For the foregoing reasons, these appeals are dismissed.

**Procedural History**

{¶2} This matter arose from the foreclosure of property located at 728 Wildwood Dr. NE, in Warren, Ohio. Davenport inherited interest in the property from her deceased husband, Wilburn Davenport, and shared ownership, in part, with his relatives. At some point during the ownership of the property, the mortgage, naming both Davenport and her deceased husband as borrowers, defaulted. The lender, Nationstar Mortgage LLC ("Nationstar"), commenced a foreclosure action on August 6, 2019, in the Trumbull County Court of Common Pleas, Case No. 2019 CV 01260. Through foreclosure, Nationstar sought to recoup the approximately $160,000 mortgage in default. The property was sold at private sale for $218,592 and a confirmation of sale was filed on January 17, 2023.

{¶3} During the pendency of the foreclosure, on March 3, 2022, Simpson filed a separate action, Case No. 2022 CV 00269, attempting to enforce a mechanic's lien against the property and additionally asserting claims for breach of contract, tortious interference, defamation, and unjust enrichment. The cases were consolidated in the foreclosure action on June 23, 2022. On November 22, 2022, Simpson filed a motion opposing the sale of the property with the trial court. In its February 14, 2023 order, the trial court construed Simpson's motion opposing sale of the property as a motion to vacate, as the property had already been sold on October 25, 2022. The trial court then deemed the motion as untimely and moot. A confirmation of sale was filed on February

2

10, 2023, and Simpson's pending claims were referred to the Trumbull County Court of Common Pleas, General Division, for adjudication on February 14, 2023. Through counsel, Simpson then filed a motion for a stay of execution on February 28, 2023. The motion was denied on April 12, 2023, based on Simpson's challenge to the sale after it had already taken place. The trial court also noted that Simpson did not oppose the sale or seek a stay of any of the orders of sale previously submitted by Nationstar, nor did he seek a stay of the confirmation of sale.

{¶4} Simpson's remaining claims against Davenport were heard at a bench trial held on May 15, 2023. On June 6, 2023, a magistrate's decision was issued in favor of Davenport, finding Simpson's claims without merit, and dismissing the same. Simpson filed objections to the magistrate's decision and a hearing was held on September 9, 2023. On January 8, 2024, the trial court filed an order overruling Simpson's objections, and adopting the magistrate's recommendations. Simpson filed a pro se notice of appeal with this Court on January 22, 2024.

{¶5} Simpson filed a brief with this Court on March 4, 2024, which was stricken for noncompliance with the Rules of Appellate Procedure. In an order time stamped March 5, 2024, Simpson was advised, "Loc.R. 16(B)(1) provides: '[w]ith the exception of those items enumerated in App.R. 16(E) and Loc.R. 16(B)(3), appendices to the brief shall not be employed.' * * * [a]ppellant shall refer to the Ohio Rules of Appellate Procedure, the Local Rules for the Eleventh District Court of Appeals, and this [C]ourt's sample brief, all of which are accessible through this [C]ourt's website * * *."

{¶6} Simpson filed a second brief on March 28, 2024. In his brief, Simpson asserts three assignments of error as follows:

3

{¶7} [1.] "The trial court committed reversible and plain error when it proceeded with a bench trial after multiple jury demands were made."

{¶8} [2.] "The trial court committed reversible and plain error when it entered a decision not in favor of [appellant] after jury demand was made."

{¶9} [3.] "The trial court abused its discretion; reversible when it continued trial (knowing) the trial courts very own equipment was in disarray and incapacitated to gather full and complete Intel towards the case."

{¶10} However, Simpson's second brief also does not comply with the Ohio Rules of Appellate Procedure in numerous material respects.

**Noncompliant Brief**

{¶11} "An appellant 'bears the burden of affirmatively demonstrating error on appeal.' *Concord Twp. Trustees v. Hazelwood Builders* (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383." *South Russell v. Upchurch*, 2003-Ohio-2099, at ¶ 10 (11th Dist.). "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, 'it is not this court's duty to root it out.' *Harris v. Nome*, 9th Dist. No. 21071, 2002-Ohio-6994." *Id*.

{¶12} In his brief, Simpson makes blanket assertions with no argument or authority to support them. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (7th Dist. 2000).

4

**{¶13}** Additionally, Simpson's brief does not contain a compliant table of contents including page references. These infirmities constitute a failure to comply with App.R. 16(A)(1). It does not contain a table of cases, statutes, or other authorities cited, with references to the pages of the brief where cited, in violation of with App.R. 16(A)(2). Simpson's brief contains assignments of error asserted but fails to comply with App.R. 16(A)(3) by including no reference to the record where the errors are reflected. Simpson's brief does not contain any argument stating the appellant's contentions as to each assignment of error presented for review and the reasons in support of those contentions with citations to appropriate authorities and statutes. The foregoing does not comply with App.R. 16(A)(7). Simpson's brief appears to contain portions of the trial transcript, and portions of the objections to the magistrate's decision, filed by Simpson's attorney on behalf of Simpson in the trial court, inserted into his appellate brief. These appendices are in violation of Loc.R. 16(B)(1) which states: "[w]ith the exception of those items enumerated in Ohio App.R. 16(E) and Loc.R. 16(B)(3), appendices to the brief shall not be employed."

**{¶14}** Further, Simpson fails to comply with App.R. 13(E) requiring proof of service. Nowhere in Simpson's notice of appeal or contained within any of the briefs submitted to this Court does Simpson indicate that Davenport has been served with notice. In Simpson's initial notice of appeal filed with the trial court, the only appellee noted is "Secretary of Veterans Affairs." On a separate sheet, Simpson includes Nationstar as an appellee. Davenport is named as a party on Simpson's briefs filed with this Court. However, the certificate of service in Simpson's appellant brief indicates that only the Secretary of Veterans Affairs and Nationstar were served.

5

**{¶15}** In *Lake Metropolitan Housing Authority v. McFadden*, 2017-Ohio-2598, ¶ 23 (11th Dist.), this Court deemed a similar brief containing multiple violations of the Appellate Rules, serious enough to disregard:

> [A]ppellant has failed to comply with several procedural requirements for a brief. Specifically, he failed to include a table of contents, a table of cases; any assignments of error; a statement of the case; a statement of facts; any argument containing his contentions with respect to each assignment of error and the reasons in support of the contentions; or any citations to authorities or parts of the record on which he relies, in violation of App.R. 16(A)(1), 16(A)(2), 16(A)(3), 16(A)(5), 16A(6), and 16(A)(7).

*Id.* at 20.

**{¶16}** Loc.R. 16(E) states: "[c]ounsel are cautioned that a failure to comply with this Rule may result in the brief being stricken on motion or sua sponte, and/or in the dismissal of the appeal, without prior notice in either instance."

**{¶17}** It makes no difference that appellant is proceeding pro se. "[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Curtis v. Cline*, 2009-Ohio-6034, ¶ 13 (11th Dist.), quoting *R.G. Slocum Plumbing v. Wilson*, 2002-Ohio-1394, ¶ 12 (11th Dist.). Simpson's repeated, substantial violations of the applicable appellate rules and procedures preclude any analysis of the apparent merits this Court can surmise from his non-compliant pleading.

**{¶18}** Simpson failed to serve Davenport with notice of this appeal, and his brief contains multiple, material violations of the Ohio appellate and local rules. Simpson contends in his brief that the trial court denied his request for a jury demand. However, the severe deficiencies in Simpson's brief preclude review of his jury demand and all other

6

issues. It is within the authority of this Court to dismiss these appeals. Accordingly, this Court exercises its authority pursuant to Loc.R. 16(E) to sua sponte dismiss these appeals.

{¶19} For the foregoing reasons, these appeals are dismissed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-T-0012, 2024-T-0013